Scott Franklin GIFFORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–00543–CR.

Court of Appeals of Texas,
Dallas.

June 6, 1990.

Rehearing Denied July 27, 1990.

Discretionary Review Granted
Oct. 24, 1990.

Bill F. Gifford, Houston, for appellant.

Donald G. Davis, Dallas, for appellee.

Before McCLUNG, BAKER and THOMAS, JJ.

OPINION

BAKER, Justice.

A jury convicted appellant of driving while intoxicated, assessed punishment at one year's confinement in the county jail, probated that sentence, and levied a $750 fine. In his second point of error, appellant contends that the trial court erred by failing to charge the jury that it could not consider appellant's intoxilyzer test results unless it found beyond a reasonable doubt that appellant was continuously observed for fifteen minutes immediately prior to the administration of the test. Because we find a fact issue on whether appellant was continuously observed for the required fifteen minute period, we reverse and remand for a new trial.

Officer Robin Howman stopped appellant for failing to stop at a stop sign. Howman asked appellant to get out of his car and observed that his speech was slurred and that he swayed when he walked. Howman noticed a moderate smell of alcohol on appellant's breath. Howman testified that appellant failed two field sobriety tests. Appellant was arrested and taken to the police station where he was given a breath intoxilyzer test and was video taped. Appellant's breath registered a 0.17 alcohol concentration level, in excess of the 0.10 maximum provided by law. *See* TEX.REV. CIV.STAT.ANN. art. 6701*l*–5, § 3(j)(4)(B) (Vernon Supp.1990).

Appellant requested a jury instruction that it could not consider the results of the intoxilyzer test unless it found beyond a reasonable doubt that appellant was continuously observed for fifteen minutes immediately preceding the administration of the test. The court refused to submit any instruction. Appellant contends that there was disputed evidence on whether the State followed the Department of Public Safety regulations regarding administration of the intoxilyzer test, that he was entitled to the requested jury instruction,

and that the trial court's refusal to do so was harmful error.

■ Analysis of a person's breath for alcohol concentration is admissible as evidence of intoxication. TEX.REV.CIV.STAT. ANN. art. 6701*l*–5, § 3(a) (Vernon Supp. 1990). However, for the test results to be considered valid, the analysis of the person's breath must be performed according to the rules promulgated by the Texas Department of Public Safety. TEX.REV.CIV. STAT.ANN. art. 6701*l*–5, § 3(b) (Vernon Supp.1990). The DPS has established breath alcohol testing regulations, in pertinent part, as follows:

(a) All breath alcohol testing techniques, methods, and programs to be used for evidentiary purposes must have the approval of and be certified by the scientific director.

. . . . .

(c) All breath alcohol testing techniques, in order to be approved, shall meet, but not be limited to, the following:

(1) continuous observation of the subject for a minimum period of time as set by the scientific director prior to the collection of the breath specimen, during which time the subject must not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten, smoked, or introduced any substances into the mouth; . . .

Tex. Dept. of Public Safety, 37 TEX.ADMIN. CODE § 19.3 (West Jan. 3, 1989) (Breath Alcohol Testing Regulations). Officer Howman testified, and it is undisputed, that the minimum period of continuous observation set by the scientific director is fifteen minutes. *See State v. Kost,* 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, no pet.); *McGinty v. State,* 740 S.W.2d 475, 476 (Tex.App.—Houston [1st Dist.] 1987, pet. ref'd). Before the intoxilyzer results can be considered by the trier of fact, the State must prove that a defendant was continuously observed for a fifteen minute period immediately preceding the administration of the test so as to ensure that nothing is introduced into the defendant's mouth that may affect the test's accuracy. *See Kost,* 785 S.W.2d at 939; *McGinty,* 740 S.W.2d at 476. This is not to say that the State must introduce evidence of the defendant's continuous observation as a predicate to the intoxilyzer test's admissibility. *See Harrell v. State,* 725 S.W.2d 208, 209 (Tex.Crim.App.1986); *Cody v. State,* 548 S.W.2d 401, 404 (Tex. Crim.App.1977). The question of its validity only comes into play when the defendant raises a fact issue as to whether there has been compliance with a particular rule or procedure set by the DPS or scientific director and has requested the test's suppression or an instruction thereon. *See Sims v. State,* 735 S.W.2d 913, 919 (Tex. App.—Dallas 1987, pet. ref'd); *Moseley v. State,* 696 S.W.2d 934, 936–38 (Tex.App.— Dallas 1985, pet. ref'd).

■ We must determine if a fact issue exists as to whether appellant was continuously observed for the minimum fifteen minutes immediately preceding the test. The following testimony was adduced at trial:

Q. Officer [Howman], you testified . . . that while conducting the test on Mr. Gifford you looked down and filled out your data sheet; would that be a correct statement?

A. Yes, sir.

Q. And as you asked him each question, you looked down and made your entry into the record; would that be a correct statement?

A. Yes, sir.

Q. And you testified that you didn't watch his mouth for a full fifteen minutes; would that be a correct statement?

A. I didn't sit and stare at his mouth, no.

Q. Okay. So you didn't watch his mouth for a full fifteen minutes?

A. I didn't sit and stare at his mouth, no.

Q. And that's a requirement under the regulations, isn't it?

A. It's to listen and observe overall.

Q. It's to observe?

A. Uh-huh. And you can observe him by listening and watching.

**50**

Q. Okay. It doesn't say by listening. It says observe continuously, doesn't it?

A. Observe—

Q. On a continuous basis?

A. I was observing. Is that what you are asking?

Q. Right.

A. Yes, I was observing.

Q. But you didn't observe by looking at him on a continuous basis?

A. Not by staring at his mouth, no.

Q. Okay.

"Continuous observation" has not been legislatively or administratively defined, so we must give it it's ordinary and plain meaning. *Howard v. State,* 690 S.W.2d 252, 254 (Tex.Crim.App.1985); *State v. Kost,* 785 S.W.2d at 939. "Continuous" has been defined as "uninterrupted, unbroken, not intermittent or occasional." BLACK'S LAW DICTIONARY (5th ed. 1979). *See also* B. GARNER, A DICTIONARY OF MODERN LEGAL USAGE (1987). "Observation" has been defined as an action or the faculty of observing. "Observe" has been defined as "to guard, watch ... to see or sense especially through directed careful analytic attention." WEBSTER'S NEW COLLEGIATE DICTIONARY (1973).

Appellant testified and Officer Howman acknowledged that shortly before appellant was arrested he had been eating mexican food. Appellant contends that the consumption of mexican food immediately prior to taking the test makes it even more crucial that the observation period be strictly adhered to because of the increased likelihood that appellant might burp or regurgitate, and, thereby, compromise the accuracy of the test. In our view, appellant raised a fact issue on whether he was continuously observed for fifteen minutes immediately preceding the administration of the test. The trial court should have submitted his requested instruction.

We must reverse and remand unless we find beyond a reasonable doubt that the error made no contribution to appellant's conviction. TEX.R.APP.P. 81(b)(2). The trial court submitted a general charge to the jury permitting it to find appellant guilty of DWI if appellant had either an alcohol con-

centration of 0.10 or more or did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into the body. Because we cannot determine upon what theory of intoxication appellant was convicted, we cannot hold beyond a reasonable doubt that the trial court's error made no contribution to appellant's conviction. *See Kirby v. State,* 713 S.W.2d 221, 222 (Tex.App.—El Paso 1986, no pet.). We sustain appellant's second point of error.

Because our ruling on this point is dispositive of this appeal, it is not necessary to consider appellant's remaining points of error.

We reverse the trial court's judgment and remand the cause for a new trial.