Hector Alberto GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00044–CR.

Court of Appeals of Texas, El Paso.

Oct. 13, 1993.

---

Peter R. Escobar, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for appellee, State.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

### OPINION

BARAJAS, Judge.

This is an appeal from a judgment of conviction for the misdemeanor offense of driving while intoxicated. Trial was to a jury. Upon a finding of guilty, the trial court assessed punishment at confinement in the county jail for a period of two years, probated for two years, and a fine in the amount of $500. In two points of error, Appellant asserts that the trial court erred in admitting the results of his intoxilyzer test. We reverse and remand.

### I. SUMMARY OF EVIDENCE

The record shows that in the early morning hours of May 24, 1991, Appellant was arrested by El Paso County Sheriff's Department Deputies Andres Ortega and Carlos Molinar for the misdemeanor offense of driving while intoxicated. Appellant was transported to a Sheriff's Department substation where he was administered an intoxilyzer test by Deputy Molinar. The results revealed Appellant's breath alcohol concentration to be .14, above the legal limit. The dispute in the instant case centers around the period of time that Appellant was observed prior to having the intoxilyzer test being administered.

The State called Deputy Molinar as a witness who testified as having observed Appellant for a period of approximately 15 minutes prior to administering the intoxilyzer test.[1] Deputy Molinar, while equivocating during both direct and cross-examination, testified in pertinent part as follows:

Q: Okay, sir. But you cannot testify that it's 15 minutes to the second, can you? [referencing the period of time the witness observed Appellant prior to administering the intoxilyzer test].

A: No.

Q: So it could have been less than 15 minutes. Would you agree with that, sir?

A: Correct.

Q: Now, I'm not trying to beat an old horse. It could have been 14 minutes. It could have been less than 15 minutes; is that correct?

A: Correct.

---

1. The record shows that rules and regulations established by the Scientific Director of the Texas Department of Public Safety mandate that a subject must be observed for a fifteen minute period prior to being given the intoxilyzer test. Ms. Socorro Castañeda, toxicologist and technical supervisor for the El Paso Police Department testified that without the requisite fifteen minute observation period, any results of an intoxilyzer test are invalid pursuant to the above noted rules and regulations.

At the close of the evidence, the trial court denied submission of Appellant's special jury charge that read as follows:

Article 38.23 of the Texas Code of Criminal Procedure reads as following [sic], "No evidence obtained by an officer or other person in violation of any provisions of the Constitution of laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raised an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

The courts have held it is not an unconstitutional delegation of legislative powers to the Department of Public Safety by allowing the department to approve methods of breath testing and authorizing the department to determine qualifications and competence of individuals who conduct breath testing.

The Texas Penal Code Article 19.05 Acts 1983, 68th Legislature, chapter 303 Section 24 provides:

(a) Each county with a population of 25,000 or more according to the most recent federal census shall purchase and maintain electronic devices capable of visually recording a person arrested within the county for an offense under Article 6701*l*–1, Revised Statutes, or Subdivision (2), Subsection (a), Section 19.05. Penal Code.

(b) The Sheriff of the county shall determine upon approval by the county commissioners court the number of devices necessary to ensure that a peace officer arresting a defendant for an offense listed in Subsection (a) of this section may visually record the defendant's appearance within a reasonable time after the arrest.

(c) The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

Therefore if you have a reasonable doubt that the intoxilyzer results were obtained in violation of the laws of Texas, you are instructed not to consider that evidence.

The record shows that Appellant filed a motion to suppress the results of the intoxilyzer test on the basis that the results were obtained "without a required fifteen (15) minute observation as required by Article 6701*l*–5 Texas Vernon Annotated Civil Statutes." Appellant's motion to suppress was denied and no appeal has been perfected as to the admissibility of any such results.

## II.  DISCUSSION

In his sole point of error, Appellant asserts that the trial court erred in denying his special requested jury charge because there was a fact issue on whether Appellant was observed continuously for a fifteen minute period of time before the intoxilyzer test was administered.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3 (Vernon Supp.1993) governs the admissibility of evidence of alcohol concentration or presence of a controlled substance or drug as shown by analysis of a person's blood, breath, urine, or any other bodily substances taken at the request or order of a peace officer.

Section 3(c) provides in part:

(c) ... Breath specimens taken at the request or order of a peace officer must be taken and analysis made under such conditions as may be prescribed by the Texas Department of Public Safety, and by such persons as the Texas Department of Public Safety has certified to be qualified.

The Texas Department of Public Safety has accordingly established breath alcohol testing regulations, the applicable portion of which is found in 37 TEX.ADMIN.CODE § 19.3 (West 1993), as follows:

(a) All breath alcohol testing techniques, methods, and programs to be used for evidential purposes must have the approval of and be certified by the scientific director.

(b) . . .

(c) All breath alcohol testing techniques, in order to be approved, shall meet, but not be limited to the following:

(1) a period during which the operator is required to remain in the presence of the subject;

(i) Subsection (c)(1) of this section requires an operator to remain in the presence of the subject. An operator shall remain in the presence of the subject at least 15 minutes before the test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth. Direct observation is no longer necessary to ensure the validity or accuracy of the test result.

The Texas Department of Public Safety, acting pursuant to legislative authorization[2], has adopted certain regulations regarding breath alcohol testing with the period of time for such observation to be set by its scientific director. 37 TEX.ADMIN.CODE § 19.3 at 97–98 (West 1993). The time period has been shown to have been set at 15 minutes. *See Gifford v. State*, 793 S.W.2d 48, 49 (Tex. App.—Dallas 1990, pet. dism'd) (*citing State v. Kost*, 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, pet. ref'd).

■ On review, Appellant correctly notes that the results of a breath test in which the 15 minute observation has not been complied with by law enforcement official are not admissible. *Gifford v. State*, 793 S.W.2d at 49; *State v. Kost*, 785 S.W.2d at 939. Moreover, the record shows that the trial court held a pre-trial hearing on Appellant's motion to suppress the intoxilyzer results, which was denied. As noted above, Appellant has elected not to challenge the trial court's ruling regarding the denial of the motion to suppress, consequently, the question of whether or not the results of the intoxilyzer results were properly admitted in evidence is not before this Court for consideration.

Article 38.23 of the Texas Code of Criminal Procedure provides for a jury instruction as follows:

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of this Article, then and in such event, the jury shall disregard any such evidence so obtained. TEX.CODE CRIM.PRO. ANN. art. 38.23 (Vernon Supp.1993).

The requested special jury charge tracked precisely the words of Article 38.23. Further examination of Appellant's requested charge reveals the total absence of language pertaining to what legal or constitutional rights were supposedly violated, or what particular evidence was illegally obtained. Although the record demonstrates that Appellant's motion to suppress was based on the assertion that he was not under observation for the requisite 15 minutes prior to the administering of the intoxilyzer test, the special requested jury charge wholly fails to make reference to such requirement, but rather, alludes to the visual recording of a person arrested, an issue not presented in the instant case. Appellant's charge was incorrect

■ TEX.CODE CRIM.PRO.ANN. art. 36.15 (Vernon Supp.1993), provides in pertinent part as follows:

The defendant may, by a special requested instruction, call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection ... shall be necessary...."

Article 36.15 does not require precise wording in the requested instruction, but must only be sufficient to call the trial court's attention to the omission in the court's charge. *Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986); *see also Rogers v. State*, 549 S.W.2d 726 (Tex.Crim.App.1977); *Stiles v. State*, 520 S.W.2d 894, 896–7 (Tex. Crim.App.1975). The record shows that the trial court was apprised of and understood that Appellant was objecting to the omission of an instruction regarding the failure of law

---

2. Article 6701*l*–5, § 3(b) has been held not to be an unconstitutional delegation of legislative power to the Texas Department of Public Safety. *Langford v. State*, 532 S.W.2d 91, 95 (Tex.Crim. App.1976); *see also State v. Kost*, 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, pet. ref'd).

enforcement officials to observe Appellant for the required 15 minute period prior to administering the intoxilyzer test. Thus, the trial court was apprised of Appellant's objection to omissions in the charge, and the failure of the trial court to submit the special requested jury charge pursuant to Article 38.23(a) constituted error.

■■■ The Court of Criminal Appeals, in *Stone v. State,* 703 S.W.2d at 655, noted that Article 38.23(a) is a mandatory statute; thus, once error is shown, it is automatically reversible error. *See also Espericueta v. State,* 838 S.W.2d 880, 884 (Tex.App.—Corpus Christi 1992, no pet.); *Jacobs v. State,* 734 S.W.2d 704 (Tex.App.—Dallas 1987, pet. ref'd); and *Simmons v. State,* 741 S.W.2d 595, 597 (Tex.App.—Dallas 1987, pet. ref'd). Independent of the above, since Appellant objected to the alleged error in the charge, the error requires a reversal if it caused any harm to Appellant. *Almanza v. State,* 686 S.W.2d 157, 171–74 (Tex.Crim.App.1985) (opinion on rehearing), *cert. denied,* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987); *Arline v. State,* 721 S.W.2d 348 (Tex.Crim. App.1986). The harm, if any, is to be adjudged in light of the entire charge and the evidence, not in a vacuum, and must be more than merely theoretical. *Id. See also Bustillos v. State,* 832 S.W.2d 668, 674 (Tex. App.—El Paso 1992, pet. ref'd). Accordingly, finding reversible charge error requires an indication in the record that the error had an actual impact on the fairness or reliability of the trial. *See Saunders v. State,* 817 S.W.2d 688, 690 (Tex.Crim.App.1991).

■■■ The record in the instant case shows that prosecution of the Appellant for the offense of misdemeanor driving while intoxicated centered around the specific allegation of his driving a motor vehicle having an alcohol concentration of not less than 0.10. A factual dispute existed as to the validity of Appellant's intoxilyzer results insofar as question was presented whether Appellant was observed for the required statutory period of time. In light of the above, we find that Appellant has shown some harm, regardless of the degree, to require reversal of his conviction, irrespective of the automatic reversal as dictated by *Stone,* 703 S.W.2d at

655. Accordingly, Appellant's sole point of error is sustained.

Having sustained Appellant's sole point of error, the judgment of the trial court is reversed and the cause remanded to the trial court.