**Robert Donnell HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–92–131–CR.**

Court of Appeals of Texas, Corpus Christi.

July 29, 1993.

Rehearing Overruled Oct. 14, 1993.

Juan Perales, Robstown, for appellant.

Carl Lewis, County Atty., Jacqueline A. Del Llano-Chapa, Asst. County Atty., Corpus Christi, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

After the trial court denied his motion to suppress the results from a breathalyzer test, appellant, Robert Donnell Hawkins, pleaded guilty to the offense of driving while intoxicated. The trial court sentenced him to ninety days in jail, probated for two years, and assessed a $500 fine. By one point of error, appellant challenges the trial court's denial of his motion to suppress. We affirm.

On June 13, 1990, at 2:29 a.m., Trooper Oscar Martinez arrested appellant for DWI. After arriving at the Nueces County jail, Trooper Martinez interviewed appellant and read to him the DWI statutory warnings contained in the DIC–24 form. The breathalyzer at the Nueces County jail was malfunctioning; so Trooper Martinez took appellant to the Portland Police Department and used the breathalyzer there. At 4:29 a.m., the breathalyzer showed that appellant had a blood alcohol level of 0.166. The second test, taken at 4:33 a.m., showed that appellant had a blood alcohol level of 0.153.

Trooper Martinez testified that, while they were still at the Nueces County jail, he re-

quested a urine specimen from appellant when he realized that the breathalyzer was malfunctioning. Consequently, the DIC–24 form reflects that a urine specimen, and not a breath or blood specimen, was given. When appellant was unable to provide a urine specimen, Trooper Martinez did not alter the DIC–24 form to reflect that a breath specimen was taken from appellant instead of a urine specimen.

■ By one point of error, appellant contends that the trial court erred in overruling the motion to suppress the results of the breathalyzer test. Since the trial court is the sole fact finder at a suppression hearing, any finding supported by the record will not be disturbed on appeal. *Davis v. State,* 829 S.W.2d 218, 220 (Tex.Crim.App.1992) (citing *Johnson v. State,* 803 S.W.2d 272, 287 (Tex. Crim.App.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991)). Absent a showing of an abuse of discretion, a trial court's findings will not be disturbed. *Davis,* 829 S.W.2d at 220 (citing *Freeman v. State,* 723 S.W.2d 727, 729 (Tex.Crim.App. 1986)).

■ Appellant argues that, because Trooper Martinez marked through the words "breath/blood" on the DIC–24 form, and wrote the word "urine" in their place, the warning in the form does not comply with Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 2(c) (Vernon Supp.1993). When an officer requests a specimen "of any kind," the officer is required to give the oral and written statu-

tory warnings required in section 2(b).[1] Trooper Martinez satisfied this requirement when he advised appellant of the contents of the DIC–24 form, because the DIC–24 form tracks the language of section 2(b). Tex. Rev.Civ.Stat.Ann. art. 6701*l*–5, § 2(b) (Vernon Supp.1993).

■ We do not agree with appellant's argument that the State is only authorized to choose between blood and breath tests and has no authority to administer a urine test. Although section 1 of article 6701*l*–5 specifically authorizes the State to take "breath or blood" specimens, it also allows a person to consent to "the giving of any other type of specimen to determine his alcohol concentration."[2] Because the statute specifically allows a person to consent to "any other type of specimen," we hold that an officer may request a urine specimen instead of a breath or blood specimen, even though section 1 specifically recognizes only breath and blood tests. *See State v. Neel,* 808 S.W.2d 575, 577 (Tex.App.—Tyler 1991, no pet.).

■ In his second argument, appellant contends that Trooper Martinez deprived him of his right to independent testing provided by section 3(d) of article 6701*l*–5, because he waited two hours after appellant's arrest to administer the breathalyzer test. Section 3(d) provides that a person who gives a specimen for analysis "upon request and within a reasonable time not to exceed two hours after the arrest" is entitled to have an independent analysis performed by a quali-

---

1. (b) Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest. Tex.Rev.Civ.Stat. Ann art. 6701*l*–5, § 2(b) (Vernon Supp.1993).

2. Sec. 1. Any person who operates a motor vehicle upon the public highways or upon a public beach in this state shall be deemed to have given consent, subject to the provisions of this Act, to submit to the taking of one or more specimens of his breath or blood for the purpose of analysis to determine the alcohol concentration or the presence in his body of a controlled

substance or drug if arrested for any offense arising out of acts alleged to have been committed while a person was driving or in actual physical control of a motor vehicle while intoxicated. Any person so arrested may consent to the giving of any other type of specimen to determine his alcohol concentration, but he shall not be deemed, solely on the basis of his operation of a motor vehicle upon the public highways or upon a public beach in this state, to have given consent to give any type of specimen other than a specimen of his breath or blood. The specimen, or specimens, shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways or upon a public beach in this state while intoxicated. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 1 (Vernon Supp.1993).

fied person.[3] However, section 3(d) also states that the "failure or inability to obtain an additional specimen or analysis by a person shall not preclude the admission of evidence relating to the analysis of the specimen." Thus, appellant's argument is without merit because it does not affect the admissibility of the results of the breathalyzer test, which was the subject of the motion to suppress.

 Appellant also contends that the breathalyzer results should not have been considered by the trier of fact because the evidence did not show that Trooper Martinez continuously observed appellant for a fifteen-minute period immediately preceding the test. Section 3(b) of article 6701*l*–5 states that, "to be considered valid," the analysis of a person's breath specimen must be performed pursuant to rules of the Texas Department of Public Safety. One such rule is that the officer administering the test must continuously observe the subject for fifteen minutes prior to the collection of the breath specimen. *See State v. Kost,* 785 S.W.2d 936, 939 (Tex.App.—San Antonio 1990, no pet.). Proving compliance with this requirement, however, is not required as a predicate for the admission of the results of the breathalyzer test. Instead, compliance must be proved only if a fact issue is raised with respect to a particular requirement. *Gifford v. State,* 793 S.W.2d 48, 49 (Tex.App.—Dallas 1990, no pet.) (citing *Kost,* 785 S.W.2d at 939). In *Gifford,* the court held that a fact issue had been raised when an officer testified that he was looking down and writing during the fifteen minutes preceding the breathalyzer.

 Appellant gave two breath specimens, one at 4:29 and one at 4:33. He argues that, because only four minutes elapsed between the two specimens, Trooper Martinez did not adhere to the fifteen-minute observation requirement. However, whether Trooper Martinez continuously observed appellant for fif-

teen minutes prior to the breathalyzer test was never disputed. Trooper Martinez offered the only testimony on the subject, and he testified in the abstract that a fifteen-minute observation period before the first breath specimen would satisfy the observation requirement for the second breath specimen. Appellant never averred that Trooper Martinez did not follow the fifteen-minute observation period prior to the first breath specimen; nor did he aver that Trooper Martinez failed to "continuously observe" him during the fifteen-minute observation period. Since appellant never raised a fact issue with respect to Trooper Martinez' compliance with the fifteen-minute observation requirement, the State did not need to prove that Trooper Martinez continuously observed appellant for a fifteen-minute period immediately preceding the test.

We do not find that the trial court abused its discretion when it denied appellant's motion to suppress. Appellant's sole point of error is overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.

---

**3.** 3(d) The person who gave a specimen of breath, blood, urine, or other bodily substances in connection with this Act may, upon request and within a reasonable time not to exceed two hours after the arrest, have a physician, qualified technician, chemist, or registered professional nurse of his own choosing draw a specimen and have an analysis made of his blood in addition to any specimen taken and analyzed at the direction of a peace officer. The failure or inability to obtain an additional specimen or analysis by a person shall not preclude the admission of evidence relating to the analysis of the specimen taken at the direction of the peace officer under this Act. Tex.Rev Civ.Stat Ann. art. 6701*l*–5, § 3(d) (Vernon Supp.1993).