**John Isaac DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00560–CR.**

Court of Appeals of Texas,
San Antonio.

May 21, 1997.

John Paul Young, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

**OPINION**

STONE, Justice.

Appellant, John Isaac Davis ("Davis"), was convicted by a jury of driving while intoxicated. In one point of error, Davis contends the trial court erred by denying his request for the inclusion of two additional instructions in the jury charge. Davis complains of the trial court's failure to include his requested defini-

tion of "presence" for purposes of determining the validity of his intoxilyzer results and his requested instruction regarding the effect of the test operator's failure to comply with DPS regulations regarding the requisite observation period that must precede the administration of the test. We affirm the judgment of the trial court.

■ Davis initially complains that the trial court erred by denying his request to include a definition of "presence" in the jury charge. Davis asked the court to include the definition set forth in *State v. Reed*, 888 S.W.2d 117, 122 (Tex.App.—San Antonio 1994, no pet.).[1] Specifically, Davis requested that the court define the term "presence" as follows:

> [P]resence has been defined as an act, fact or state of being within sight or at hand or in some place that is being thought of. The existence of a person in a particular place at a given time, particularly with reference to some act done there and then.

Although Davis's requested definition of "presence" substantially tracks the language in *Reed*, this court noted in that opinion that the word "presence" as used in the DPS intoxilyzer regulations had not been administratively or legislatively defined. 888 S.W.2d at 122. Therefore, the court concluded that the word must be given its ordinary and plain meaning and quoted a definition from Black's Law Dictionary. *Id.*

■ "Words that are not statutorily defined are to be given their usual meaning and no specific instructions are required [in the jury charge]." *Martinez v. State*, 924 S.W.2d 693, 698 (Tex.Crim.App.1996). Since the word "presence" has not been administratively or legislatively defined, no definitional instruction was required.

■ Davis's second contention is that the trial court erred in denying his request to include the following additional instruction regarding the effect of the test operator's failure to follow DPS regulations regarding the fifteen minute observation period required prior to administering the intoxilyzer test:

> You are instructed that under our law in order to be considered valid, a chemical test must be performed according to the rules and regulations governing such test by the Department of Public Safety concerning proper techniques and methodology. Included in these regulations is a continuous observation of the person tested for a minimum of 15 minutes prior to the actual test. If you have found beyond a reasonable doubt that this regulation was complied with, you may consider such test and give it whatever weight you choose. If you do not so find or if you have a reasonable doubt as to whether these regulations were complied with, you may not consider said test for any purpose and shall not refer to it further in your deliberations.

The State counters that the trial court properly denied Davis's request to include the foregoing instruction. Citing this court's prior decision in *Ray v. State*, 749 S.W.2d 939, 944 (Tex.App.—San Antonio 1988, pet. ref'd), the State asserts that such an instruction would constitute an impermissible comment on the weight of the evidence.

In *Ray v. State*, the appellant testified that he was not continuously observed for the requisite fifteen minute period, while the officer who administered the test testified that the continuous observation requirement was fulfilled. 749 S.W.2d at 944. The appellant requested that the jury be instructed to disregard the intoxilyzer evidence unless the jury found that the person who administered the test had continuously observed the appellant for the requisite fifteen minute period. *Id.* at 943–44. The trial court refused to include the instruction, and this court affirmed the trial court's judgment, holding:

> Questions concerning the accuracy or procedure used in administering a scientific test go to the weight given to the test's result, not to its admissibility. In addition, an instruction such as the one the appellant requested would have been an improper comment on the weight of the evidence.

*Id.* at 944 (citations omitted).

We believe this holding in *Ray* was overruled *sub silentio* by the Texas Court of

---

1. We note that in *State v. Reed,* the court was considering the definition of the term "presence" for purposes of a suppression hearing ruling, not a jury charge ruling. 888 S.W.2d at 122.

Criminal Appeals in *Atkinson v. State*, 923 S.W.2d 21 (Tex.Crim.App.1996).

During the trial in the *Atkinson* case, one of the issues raised with respect to the breath analysis was whether the fifteen minute observation requirement had been met. *Atkinson v. State*, 871 S.W.2d 252, 253–254 (Tex.App.—Fort Worth 1994), *vacated*, 923 S.W.2d 21 (Tex.Crim.App.1996). Atkinson requested the trial court to instruct the jury to disregard the test if the jury had a reasonable doubt as to whether the DPS regulatory requirements had been complied with. *Id.* at 253. The trial court denied the request, ruling that the instruction impermissibly commented on the weight of the evidence. *Id.*

On appeal, the Fort Worth court found that the evidence raised a fact issue regarding whether Atkinson had been continuously observed during the requisite fifteen minute period. *Id.* at 254. The State asserted that the trial court properly excluded the requested instruction relying in part on *Ray*. 871 S.W.2d at 257. The Fort Worth court disagreed with the decision in *Ray* and held that the trial court erred by refusing to include the instruction. *Id.*

The Court of Criminal Appeals granted the State's petition for discretionary review in part to consider whether "instructing the jury conditionally to disregard the breath analysis would have been an impermissible comment on the weight of the evidence." *Id.* at 23. Agreeing with the appellate court that the trial judge should have included the instruction in its charge, the Court held:

> [A] jury instruction which identifies evidence requiring special jury consideration under the law, and which sets out the law governing such consideration, does not violate the ... prohibition against judicial comment so long as it does not intimate that the jury should resolve any fact question in a certain way or that any of the evidence bearing upon such a fact question should be given greater weight or credibility than other evidence bearing on the same question.

*Id.* at 25. Although the Court agreed that the trial court erred, the Court vacated the appellate court's judgment and remanded the cause for consideration of a harmless error analysis. *Id.* at 25–27.

In view of the Court of Criminal Appeals holding in *Atkinson*, we disagree with the State's contention that the trial court properly denied Davis's requested instruction based on this court's earlier holding in *Ray*. Nevertheless, we must further determine whether the trial court's refusal to include the instruction constituted error in view of the issues raised at trial.

A breath analysis must be performed in accordance with the methods approved by the DPS in order to be considered valid. Act of June 16, 1983, 68th Leg., R.S., ch. 303, § 4, 1983 Tex. Gen. Laws 1568, 1582, *repealed by* Act of May 23, 1995, 74th Leg., R.S., ch. 165, § 1, 1995 Tex. Gen. Laws 1025, 1822 (current version TEX. TRANSP. CODE ANN. § 724.016 (Vernon 1997)); *see also Atkinson*, 923 S.W.2d at 23. Rules adopted by the DPS require an operator to remain in the presence of the subject at least fifteen minutes before the test is administered. 37 TEX. ADMIN. CODE § 19.3(i) (West 1996). Since the rule amendments in 1990, however, "direct observation is no longer necessary to ensure the validity of the test result." *Id.* During the fifteen minute period, the operator should exercise reasonable care to ensure the subject does not place any substances in the mouth. *Id.*

The State is not required to prove compliance with the foregoing requirement unless a fact issue is raised with respect to that particular requirement. *Hawkins v. State*, 865 S.W.2d 97, 100 (Tex.App.—Corpus Christi 1993, pet ref'd); *Gifford v. State*, 793 S.W.2d 48, 49 (Tex.App.—Dallas 1990), *pet dism'd, improvidently granted*, 810 S.W.2d 225 (Tex. Crim.App.1991). Accordingly, the instruction requested by Davis would only be necessary if Davis raised a fact issue regarding whether he was in the presence of the test operator for fifteen minutes before the test.

Officer Glenn, the test operator, was also the arresting officer. Officer Glenn testified that he observed Davis for at least fifteen minutes immediately preceding the administration of the test. Officer Glenn stated the purpose for the observation period is to en-

sure that the defendant does not put anything in his or her mouth and to make sure there is no residual alcohol brought up. Officer Glenn further testified that nothing unusual happened during the observation period and that Davis did not have anything in his mouth.

During cross-examination, Officer Glenn testified that Davis was riding in the back seat of the patrol car while the officer transported him to the station for the intoxilyzer test. Officer Glenn further testified that Davis was seated directly behind him and was separated by a metal cage and about a two foot square section of plexiglass. During re-direct examination, Officer Glenn stated that he included the time during which he was transporting Davis in the fifteen minute period. Officer Glenn also testified that Davis was handcuffed in the back seat of the patrol vehicle, with his hands behind him; therefore, he would have been unable to place anything in his mouth. Finally, Officer Glenn stated that he had turned his rearview mirror so that he could see Davis in the back seat, although he admitted that he was not looking in the mirror the entire time he was driving.

Davis asserts that this testimony regarding the officer's ability to observe Davis during transport raised an issue regarding whether Davis was in the officer's presence the requisite fifteen minutes. Davis's assertion ignores the amendment to the regulation providing that direct observation is no longer necessary and that Davis was prevented from placing any substances in his mouth by the handcuffs. We find the testimony of the officer conclusively established that the presence requirement was satisfied; therefore, Davis failed to raise an issue of fact regarding the State's compliance with this regulatory requirement,[2] and the trial court did not err in excluding the requested instruction.

The judgment of the trial court is affirmed.

---

**2.** Although it appears from the trial questioning that Davis was also attempting to invalidate the test results based on the presence of a full dental plate in his mouth, the requested instruction was only directed at the requirement that Davis be in the officer's presence for the fifteen minute period.