# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00648-CR

**The State of Texas, Appellant**

**v.**

**Brian Dozier, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY, NO. 70,476, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals the trial court's order granting Brian Dozier's motion to suppress the results of an intoxilyzer test in its prosecution of Dozier for driving while intoxicated. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2004) (appeal by State); Tex. Pen. Code Ann. § 49.04 (West 2003) (driving while intoxicated). At a hearing on the motion to suppress, Dozier's sole contention was that the intoxilyzer test taken over an hour after Dozier was driving his vehicle could not be admitted because it did not "relate back" to the time of the offense.[1] Because we find the results of the intoxilyzer test admissible evidence of Dozier's alleged intoxication, we reverse the trial court's order and remand for further proceedings.

---

[1] Dozier's written motion also alleged that the intoxilyzer test results were inadmissible because they were the fruits of an illegal detention, the proper statutory warning was not given prior to the administration of the test, and a separate breath specimen for independent testing was not obtained. Dozier does not contend on appeal that these were appropriate grounds for granting the motion to suppress.

Dozier was involved in a traffic accident on May 30, 2003. San Marcos police officer David Campbell investigated the accident and spoke with Dozier as he was standing outside of his vehicle. Campbell testified at the suppression hearing that Dozier smelled of alcohol and that his eyes were bloodshot and glassy. Dozier agreed to submit to a field sobriety test. Dozier's performance on the field test indicated to Campbell that he was intoxicated, and Campbell placed Dozier under arrest. Campbell took Dozier to the San Marcos Law Enforcement Center where Dozier consented to give a breath specimen.

Campbell administered an intoxilyzer test. He testified that he was certified to operate the intoxilyzer and had recently taken an update class. Prior to administering the test, Campbell confirmed that there was nothing in Dozier's mouth and then observed Dozier for 15 minutes. Campbell stated that the intoxilyzer went through all of its internal checks, that everything performed well, and that the tests were valid. Dozier's blood alcohol concentration in the two specimens taken was .168 and .169. This was more than twice the statutory blood alcohol concentration limit of .08. *See id*. § 49.01(2)(B) (West 2003). It appears from the record that the State intended to call an expert witness to interpret the results of the intoxilyzer, but that witness did not appear at the pre-trial suppression hearing. The state did not request a continuance to obtain the witness's presence. The trial court granted Dozier's motion to suppress the intoxilyzer test in a handwritten memorandum stating that "the evidence produced at the hearing was insufficient to meet the State's burden that the breath test was admissible." The trial court did not issue specific findings of fact and conclusions of law.

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); *Villarreal v. State*, 935

S.W.2d 134, 138 (Tex. Crim. App. 1996). Appellate courts give great deference to a trial court's determination of historical fact. *Johnson v. State*, 68 S.W.3d 644, 652 (Tex. Crim. App. 2002); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When, as here, the trial court does not file findings of fact, we assume the court made implicit findings that support its ruling, so long as those implied findings are supported by the record. *See Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). We review de novo mixed questions of law and fact that do not turn on the credibility and demeanor of witnesses. *Johnson*, 68 S.W.3d at 652; *Guzman*, 955 S.W.2d at 89. "[A]n appellate court must view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, and must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Villarreal*, 935 S.W.2d at 138.

The State contends that the trial court abused its discretion because it required the State to present expert testimony regarding retrograde extrapolation as a prerequisite for the admission of the results of the intoxilyzer test. Retrograde extrapolation is a technique by which an individual's blood alcohol concentration at the time they were driving is estimated based on a test taken at a later time. *See Mata v. State*, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2002). Although the law was unclear at the time of the trial court's order, the State's contention is supported by the subsequent opinion of the court of criminal appeals in *Stewart v. State*, 129 S.W.3d 93 (Tex. Crim. App. 2004). In *Stewart*, the court held that an intoxilyzer test taken about an hour and twenty minutes after a driver was pulled over may be admissible in a prosecution for driving while intoxicated despite the absence of retrograde extrapolation testimony. *Id*. at 97. The court explained that, even though the results of an intoxilyzer test taken over an hour after the defendant was driving

3

are not conclusive as to blood alcohol concentration at the time of the offense, they are a "piece[]

in the evidentiary puzzle for the jury to consider." *Id.* In light of this recent guidance by the court

of criminal appeals in *Stewart*, we agree with the State that retrograde extrapolation testimony was

not required for the admission of the intoxilyzer results because the results may be relevant, when

viewed in conjunction with other evidence, to confirm that Dozier had imbibed alcohol and to

determine whether Dozier had lost the normal use of his mental or physical faculties by reason of

the introduction of alcohol. *See id.*; *Douthitt v. State*, 127 S.W.3d 327, 336 (Tex. App.—Austin

2004, no pet.).[2]

Furthermore, the trial court's ruling could not have reasonably been based on Dozier's

asserted absolute requirement of expert testimony for the admission of intoxilyzer evidence. As a

general rule, the results of an intoxilyzer test are admissible only when the "administering officer

testifies that, on the day alleged in the information, he held a Department of Public Safety certificate

as a qualified intoxilyzer operator and that he followed the rules of the Department of Public Safety

in administering the test." *Martin v. State*, 724 S.W.2d 135, 137-38 (Tex. App.—Fort Worth 1987,

no pet.); *see Scherl v. State*, 7 S.W.3d 650, 653 (Tex. App.—Texarkana 1999, pet. ref'd); *Gifford

v. State*, 793 S.W.2d 48, 49 (Tex. App.—Dallas 1990, pet. dism'd). The Department of Public

Safety's regulations for the proper administration of an intoxilyzer test are contained in the Texas

Administrative Code. *See* 37 Tex. Admin. Code § 19.3 (2004). They vary from a simple

---

[2] As pointed out in Judge Price's dissenting opinion in *Stewart*, the admission of the results
of the intoxilyzer without retrograde extrapolation testimony may be subject to an objection under
Texas Rules of Evidence 403 that the evidence would be substantially more prejudicial than
probative. *Stewart v. State*, 129 S.W.3d 93, 99 (Tex. Crim. App. 2004) (Price, J., dissenting). Such
an objection would best be considered at trial when the test results may be viewed in the context of
the other evidence presented by the State.

4

requirement of a fifteen-minute observation of the person tested to technical specifications for the reference sample used in the analysis and of the units in which test results are reported. *Id.*

The defendant must raise the issue of the officer's compliance with the Department of Public Safety's rules, however, for the State to be required to prove its compliance with the rules as a prerequisite for the admission of intoxilyzer test results. *State v. Reed*, 888 S.W.2d 117, 120 (Tex. App.—San Antonio 1994, no pet.); *see also Davis v. State*, 949 S.W.2d 28, 30 (Tex. App.—San Antonio 1997, no pet.) (jury instruction on compliance only required if issue raised); *Gifford*, 793 S.W.2d at 49 (same). Although Dozier clearly raised concerns regarding the absence of retrograde extrapolation testimony, he did not question the validity of the administration of the test or even cross examine the administering officer. Therefore, the trial court's ruling could not reasonably have been based on the absence of expert testimony that the administration of the intoxilyzer was in compliance with Department of Public Safety rules.

Because intoxilyzer test results are admissible without retrograde extrapolation testimony, and we can determine no other legal theory reasonably supported by the record justifying the trial court's grant of Dozier's motion to suppress, we reverse the trial court's order and remand for further proceedings.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Reversed and Remanded

Filed: July 29, 2004

Do Not Publish

5