In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-171 CR


____________________



ROBERT W. SYKORA, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court at Law 


Liberty County, Texas


Trial Cause No. 78409






MEMORANDUM OPINION


 Robert W. Sykora pled "no contest" to the offense of driving while intoxicated. 
The trial court sentenced him to 180 days confinement in the county jail, suspended the
imposition of the sentence, and placed him on community supervision for one year. 
Sykora appeals from a pretrial ruling denying his motion to suppress. He argues the
investigative detention was, in fact, an illegal arrest and the officers failed to warn him of
his legal rights before obtaining the physical evidence. (1) 

 On September 13, 2004, the dispatcher informed Deputy Ott that a citizen-informant
had reported, and was following, a person driving a vehicle on the wrong side of the road
and on the improved shoulder. While Deputy Ott was in route to the scene, the citizen-informant continued to follow the vehicle and to communicate with dispatch. Upon
Deputy Ott's arrival, Ott observed a vehicle matching the report description parked in the
grass off the improved shoulder of the roadway. 

 Approaching the vehicle, Ott observed Sykora seated behind the steering wheel and
the car's ignition and headlights were on. Ott smelled alcohol on Sykora and noticed
Sykora's slurred speech. Ott asked Sykora to get out of the vehicle; the deputy observed
that Sykora was unsteady on his feet. When Ott asked Sykora if he had consumed any
alcohol, Sykora first responded "no." Sykora then admitted he had consumed alcohol
earlier that day, but did not know how much. Suspecting Sykora had been driving while
intoxicated, Ott placed him in wrist restraints and for safety reasons put him in the back
seat of the patrol car. Because Ott was not certified to perform the field sobriety or breath
tests, he awaited the arrival of backup to administer the tests and continue the
investigation. 

 Deputy Ott testified Sykora sat handcuffed in the patrol car for less than five
minutes while they awaited the troopers' arrival. Once at the scene, Trooper Foley
administered the field sobriety tests, placed Sykora under arrest for DWI, read him the
breath test statutory warning, and gave him Miranda warnings. See Tex. Transp. Code
Ann. § 724.015 (Vernon Supp. 2005); Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct.
1602, 16 L.Ed.2d 694 (1966). The troopers transported Sykora to the Liberty jail to
administer the breath test, which gave a "point 201 and point 204" result. 

 In his sole issue on appeal, Sykora argues the trial court erred in denying his motion
to suppress. He alleges the detention lasted forty minutes and constituted an arrest because
he was in handcuffs in the back of the patrol car and not free to leave. He maintains he
was subjected to questioning without any statutory warnings, and argues the evidence
flowing from the unlawful arrest (the field sobriety tests, breath test, traffic stop videotape,
and his statements) should have been suppressed. Sykora also argues the motion to
suppress should have been granted because Trooper Foley failed to follow proper
procedures in administering the HGN and breath tests. 

 In reviewing a trial court's ruling on a motion to suppress, we give almost total
deference to a trial court's determination of historical facts and review de novo the court's
application of the law. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). 
When the trial court, as in this case, did not make explicit findings of historical facts, we
review the evidence in a light most favorable to the ruling and assume the court made
implicit findings of fact supported by the record. See Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002) (citing Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.
Crim. App. 2000)). As the factfinder and sole judge of the witnesses' credibility and the
weight to be given their testimony, the trial judge may choose to believe or disbelieve any
or all of a witness's testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App.
2000). We must sustain the trial judge's ruling if it is reasonably supported by the record
and is correct on any theory of law applicable to the case. State v. Gray, 158 S.W.3d 465,
467 (Tex. Crim. App. 2005). 

 Sykora appears to argue the detention was illegal because the officers never saw him
operate a vehicle or commit any crimes; the description of erratic driving came from a
citizen-informant. A police officer may conduct a brief investigative detention or "Terry
stop" when the officer has reasonable suspicion to believe that an individual is involved
in criminal activity. Balentine, 71 S.W.3d at 768. "The reasonableness of a temporary
detention must be examined in terms of the totality of the circumstances and will be
justified when the detaining officer has specific articulable facts, which, taken together
with rational inferences from those facts, lead him to conclude that the person detained
actually is, has been, or soon will be engaged in criminal activity." Id. Reasonable
suspicion for a traffic stop does not have to arise from the officer's personal observation,
but may arise from information supplied by a citizen-eyewitness. Brother v. State, 166
S.W.3d 255, 257 (Tex. Crim. App. 2005). Based on the information from the citizen-informant and Deputy Ott's corroborating observations, we conclude Ott's stop of Sykora
was justified. 

 Sykora argues the handcuffing and the detention's length of time transformed the
detention into an arrest. Relying on Hernandez v. State, 107 S.W.3d 41, 47 (Tex. App.--San Antonio 2003, pet. ref'd), he maintains he was "under arrest" because a reasonable
person, handcuffed and placed in the back of a patrol car for approximately forty minutes,
would have felt "under arrest." The record, however, does not establish the forty-minute
time frame asserted by Sykora. While forty-one minutes elapsed from the time of the
dispatch until the two troopers arrived at the scene, Sykora was not handcuffed the entire
time. During those forty-one minutes, Ott responded to dispatch and drove to the scene,
approached Sykora, asked for his identification and about consumption of alcohol, and
observed him as he exited his car. All of this occurred before Ott handcuffed Sykora and
put him in the patrol car. 

 Article 15.22 of the Texas Code of Criminal Procedure states that "[a] person is
arrested when he has been actually placed under restraint or taken into custody by an
officer or person executing a warrant of arrest, or by an officer or person arresting without
a warrant." Tex. Code Crim. Proc. Ann. art. 15.22 (Vernon 2005). The United States
Supreme Court has held that persons reasonably suspected of criminal activity may be
stopped and briefly detained even if probable cause to arrest is not then present. See Terry
v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). The Texas Court
of Criminal Appeals has applied Terry in deciding whether an arrest has occurred. See
Amores v. State, 816 S.W.2d 407, 411-12 (Tex. Crim. App. 1991). Whether a detention
has become an arrest depends on the facts and circumstances of the detention. Id. at 412. 
An officer's belief a person is detained but not arrested is not determinative of the issue,
although it is a factor to be considered in determining whether an arrest has occurred. Id.;
Wappler v. State, 104 S.W.3d 661, 668 (Tex. App.--Houston [1st Dist.] 2003), rev'd on
other grounds, 138 S.W.3d 331 (Tex. Crim. App. 2004). We are to judge the
reasonableness of the officer's actions from the perspective of a reasonable officer at the
scene, rather than with the benefit of hindsight. Rhodes v. State, 945 S.W.2d 115, 118
(Tex. Crim. App. 1997). "Police may use such force as is reasonably necessary to effect
the goal of the detention: investigation, maintenance of the status quo, or officer safety."
Wappler, 104 S.W.3d at 668 (citing Rhodes, 945 S.W.2d at 117). When deciding whether
an investigative detention was unreasonable or evolved into an arrest, common sense and
ordinary human experience govern over rigid criteria. Balentine, 71 S.W.3d at 771. 

 The Court of Criminal Appeals has held that handcuffing by itself will not
necessarily convert a temporary detention into an arrest. See Rhodes, 945 S.W.2d at 117;
Mayes v. State, 726 S.W.2d 937, 943-44 (Tex. Crim. App. 1986); see also Balentine, 71
S.W.3d at 771 (Investigative detention of a suspect did not evolve into an arrest, although
suspect alleged a reasonable person would not have believed he was free where officer
handcuffed suspect and put him in back of patrol car because officer feared for his own
safety.); Wappler, 104 S.W.3d at 668. Handcuffing as part of a temporary investigative
detention on occasion and in limited circumstances may be reasonably necessary to assure
safety. See Rhodes, 945 S.W.2d at 118. Deputy Ott testified he restrained Sykora "for
his safety and mine and put him in the rear of my vehicle due to traffic and his and [my]
welfare on the side of the road." Because Ott was not certified to administer field sobriety
tests he awaited the arrival of an officer with that certification. Given the testimony
concerning roadway traffic, Sykora's slurred speech and unsteadiness on his feet, safety
concerns, and the necessity of awaiting the arrival of officers certified in the administration
of field sobriety tests, it was reasonable for Ott to secure Sykora to complete the
investigation. In this case under these circumstances, Ott's handcuffing of Sykora was
justified by Ott's safety concerns and the necessity of waiting for the arrival of officers
certified to administer the field sobriety tests.

 Sykora also argues the length of the detention (2) was unreasonable and transformed
the detention into an arrest. While the length of the detention may render a Terry stop
unreasonable, there is no "bright line" time limit. Balentine, 71 S.W.3d at 770 (citing
United States v. Sharpe, 470 U.S. 675, 685, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985)). 
The reasonableness of the detention depends upon whether the police diligently pursued
a means of investigation to quickly eliminate or support his suspicions. Balentine, 71
S.W.3d at 770. The detention must be temporary and the questioning can only last as long
as needed to effectuate the stop's goal. Id. (citing Florida v. Royer, 460 U.S. 491, 500,
103 S.Ct. 1319, 75 L.Ed.2d 229 (1983)). Ott testified he was not certified to administer
field sobriety tests; he waited for officers certified to administer the tests. He diligently
pursued a means of investigation likely to dispel or confirm his suspicions as to Sykora's
intoxication as quickly as possible. See Sharp, 470 U.S. at 687 n.5 (It was appropriate for
a patrolman who lacked training and experience in dealing with narcotics investigation to
detain suspect and await more experienced officer); Hartman v. State, 144 S.W.3d 568,
574 (Tex. App.--Austin 2004, no pet.) (It was reasonable for officer to call for backup
because he lacked video equipment in patrol car to tape performance of field sobriety test,
even though this required a short wait.). We conclude the detention lasted no longer than
was necessary to ascertain whether Sykora was driving while intoxicated. 

 Sykora also contends that Deputy Ott's detention constituted an arrest, and
therefore, evidence obtained after the detention was inadmissible, because Sykora was not
read his Miranda rights. See Miranda, 384 U.S. at 444. Miranda warnings are not
required when the person is not in custody. Vrba v. State, 69 S.W.3d 713, 724 (Tex.
App.--Waco 2002, no pet.). The United States Supreme Court has said that a person is
not in "custody" for Miranda purposes when he has been stopped for a traffic violation and
asked to perform a field sobriety test. See Berkemer v. McCarty, 468 U.S. 420, 441-42,
104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); Vrba, 69 S.W.3d at 723. The administration of
field sobriety tests is not custodial in nature and does not require Miranda warnings. See
Berkemer, 468 U.S. at 441-42. Under the specific facts of this case, the temporary
detention awaiting the administration of the field sobriety tests of Sykora did not require
Miranda warnings. After the results of the field sobriety tests, Foley arrested Sykora,
reapplied the handcuffs and read Sykora his rights.

 Sykora next argues Trooper Foley improperly administered the tests and the results
should have been suppressed. Sykora complains the horizontal gaze nystagmus (HGN) test
was performed while the patrol car's emergency "strobe" lights were activated. At the
hearing, Sykora failed to establish the "strobe" lights compromised the administration of
the tests or accuracy of the results. We agree with the trial court that the effect of the
"strobe" lights, if in fact they were activated, goes to the weight of the tests, not their
admissibility. See McRae v. State, 152 S.W.3d 739, 743 (Tex. App.--Houston [1st Dist.]
2004, no pet.) (Slight variations in the administration of HGN test go to the weight of the
evidence, not its admissibility.). The trial court did not abuse its discretion in refusing to
suppress the HGN test result.

 As for the breath test, Sykora contends Trooper Foley could not have observed
Sykora for fifteen minutes prior to administering the test, as required by law. Sykora also
asserts Trooper Foley could not explain how to properly administer the breath test or the
time it takes the machine to go through its internal checks. Texas Transportation Code
section 724.064 provides that in a trial for an offense under Chapter 49 of the Penal Code,
an "analysis of a specimen of the person's blood, breath, or urine or any other bodily
substance taken at the request or order of a peace officer is admissible." Tex. Transp.
Code Ann. § 724.064 (Vernon 1999). Pursuant to section 724.016, the breath specimen
must be taken and analyzed under rules adopted by the Department of Public Safety
codified in the Texas Administration Code. Tex. Transp. Code Ann. § 724.016 (Vernon
1999); see 37 Tex. Admin. Code § 19.3 (Vernon 2005). The rules require the operator
of the test to "remain in the presence of the subject at least 15 minutes before the test and
should exercise reasonable care to ensure that the subject does not place any substances in
the mouth" and that "[d]irect observation is no longer necessary to ensure the validity or
accuracy of the test result[.]" 37 Tex. Admin. Code § 19.3(c)(1). The State is not
required to prove compliance with section 19.3(c)(1) unless a fact issue is raised with
respect to that particular requirement. Davis v. State, 949 S.W.2d 28, 30 (Tex. App.--San
Antonio 1997, no writ). 

 Sykora asserts the fifteen-minute time requirement was not satisfied and he appears
to argue the statutorily required fifteen minutes must occur in the breath test room. 
Sykora's argument ignores the portion of the regulation stating direct observation is not
necessary. See id. at 31 (The presence requirement was met where the arresting officer
who also administered the breath test included the portion of the time in which he
transported the suspect who rode handcuffed in the back seat of the officer's patrol car in
his computation of time he observed the suspect prior to administering the test.) Trooper
Foley testified that it took "roughly 30-40 minutes" for him to transport Sykora from the
scene to the breath test room, and he administered the test after observing Sykora for at
least fifteen minutes. The evidence establishes the fifteen-minute requirement was
satisfied.

 Furthermore, as with the HGN test, the allegation here that the breath test was
improperly administered goes to the weight of the test, not its admissibility. See Slagle v.
State, 570 S.W.2d 916, 919 (Tex. Crim. App. 1978) (Evidence concerning variables
involved in administration of a breath test went to weight of test results, not to
admissibility.); Ray v. State, 749 S.W.2d 939, 944 (Tex. App.--San Antonio 1988, writ
ref'd), overruled in part by Atkinson v. State, 923 S.W.2d 21, 23 (Tex. Crim. App. 1996)
(Evidence that the breath test supervisor did not observe the suspect for fifteen minutes
prior to administering test went to the weight of the evidence, not its admissibility.). The
court did not abuse its discretion in refusing to suppress the breath test.

 We conclude the trial court did not abuse its discretion in denying the motion to
suppress. Sykora's point of error is overruled.

 AFFIRMED. 

 ___________________________________

 DAVID GAULTNEY

 Justice


Submitted on December 1, 2005

Opinion Delivered February 22, 2006

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.

1. Although not asserted specifically in his motion, Sykora also argued at the hearing
on his motion to suppress that the field sobriety and breath tests were improperly
administered and therefore inadmissible. 
2. As we have noted, the length of the detention is disputed. There is some testimony
indicating a range of five minutes to at least ten. The trial judge weighs the credibility of
the witnesses and the weight to be given their testimony. Ross, 32 S.W.3d at 855. We
defer to his resolution of the historical facts. See Balentine, 71 S.W.3d at 768.