Richard Neal **SIMMONS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–01292–CR.

Court of Appeals of Texas, Dallas.

Nov. 30, 1987.

Discretionary Review Refused March 9, 1988.

Robert L. Simmons, J. Thomas Sullivan, Dallas, for appellant.

Patricia Poppoff Noble, for appellee.

Before DEVANY, McCLUNG and LAGARDE, JJ.

McCLUNG, Justice.

Richard Neal Simmons appeals his DWI conviction, asserting eleven points of error.

We agree that the trial court erred by failing to submit an instruction to the jury, pursuant to Texas Code of Criminal Procedure article 38.23, regarding the lawfulness of appellant's stop; hence we reverse and remand.

The police officer who stopped appellant on the night of his arrest testified at trial that appellant's vehicle was weaving at the time of the stop. Appellant testified that his car was not weaving. Appellant objected at trial to the court's charge and submitted a suggested instruction on probable cause. Appellant's objections were overruled and appellant's requested instruction was not included in the jury charge.

Texas Code of Criminal Procedure article 38.23 states:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon 1979). Article 38.23 requires an instruction on the lawfulness of a stop where lawfulness is an issue. *Jordan v. State*, 562 S.W.2d 472 (Tex.Crim.App.1978). The terms of article 38.23 are mandatory, the only issue being whether, under the facts, an issue concerning the validity of a stop is raised by the evidence. *Jordan v. State*, 562 S.W.2d 472 (Tex.Crim.App.1978). Appellant's testimony at trial is sufficient to raise an issue as to the lawfulness of his stop. *Jacobs v. State*, 734 S.W.2d 704, 705 (Tex.App.—Dallas 1987, no writ).

Appellant timely requested a jury instruction on the lawfulness of appellant's stop, as follows:

> You are instructed that before an officer is entitled to stop a moving vehicle he

must have probable cause to do so. In this case it is conceded that the only probable cause to stop the defendant's vehicle was the fact that allegedly the defendant was exceeding the speed limit and failing to stay within his marked lane. On the other hand, defendant and his witness testified that defendant was not speeding and did drive within his marked lane.

It is for you to determine at the outset of your deliberations whether or not defendant's driving was as the officer described it or as defendant and his witness described it. The burden of proof in that regard is that you must find that defendant was driving as the officer indicates beyond a reasonable doubt. In the event you are not satisfied beyond a reasonable doubt that defendant drove as the officer testified, then you will have no further evidence to consider and you should bring a verdict of acquittal....

 The police officer could have stopped appellant lawfully if he had reasonable suspicion based on articulable facts that appellant was violating the law. Thus, a probable cause instruction like that submitted by appellant would be a misstatement of the law and an improper comment on the weight of the evidence. *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App. 1986) (en banc). It was not error for the court to refuse the appellant's specially requested charge. Nevertheless, to preserve error a request need only be "sufficient to call the trial court's attention to the omission in the court's charge." *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App. 1986) (en banc), *citing Stiles v. State,* 520 S.W.2d 894, 896–97 (Tex.Crim.App.1975). Appellant's probable cause request, although improper, was sufficient to apprise the trial court of appellant's objection to the omission of an instruction on the officer's right to stop appellant. *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App. 1986) (en banc). Thus, any error in failing to submit a proper charge was preserved.

 The presence of any actual harm, regardless of degree, resulting from preserved charging error, is sufficient to re-quire reversal of conviction. *Arline v. State,* 721 S.W.2d 348 (Tex.Crim.App.1986) (en banc). Where evidence supports the submission of a charge on the issue of lawfulness of a stop, the court is statutorily required to submit a proper charge, and failure to do so is harmful error. *Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App. 1986) (en banc); *Jacobs v. State,* 734 S.W. 2d 704 (Tex.App.—Dallas 1987, no writ). Accordingly, we reverse and remand.