Valentin **ESPERICUETA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–656–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 17, 1992.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Jr., Dist. Atty., Beeville, for State.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, Valentin Espericueta, of Driving While Intoxicated.

*See* TEX. REV. CIV. STAT. ANN. art. 67011–1(b) (Vernon 1991). Punishment was assessed by the trial court at five years in the penitentiary, probated, and a $300.00 fine. By nine points of error, appellant complains that certain evidence should have been suppressed, the trial court should have submitted a jury instruction on the legality of the stop, the evidence is insufficient to sustain the conviction, and of other alleged errors. We reverse and remand for a new trial.

The evidence showed that appellant was driving southbound on highway 181 north of Beeville, Texas. Two police officers on patrol in a marked police cruiser observed appellant's car commit two separate traffic infractions. The police pulled appellant over for the traffic violations. When they asked appellant for his driver's license, the officer smelled alcohol on appellant's breath. The police immediately conducted field sobriety tests and, based on their findings, arrested him for driving while intoxicated.

Appellant was indicted. He filed a motion to suppress evidence discovered after the stop, claiming that the stop was illegal and in violation the Texas and federal constitutional provisions prohibiting unreasonable searches and seizures. After a hearing, this motion was overruled by the trial court.

The case was tried to a jury. At the charge conference appellant requested submission of two instructions to the jury regarding the legality of the stop.[1] The court refused the instructions and the case

1. The requested instructions provided:

REQUESTED JURY INSTRUCTION NO. 1
You are instructed that under our law no evidence obtained or derived by an officer or other person as a result of an unlawful stop and detention and arrest shall be admissible in evidence against such accused. An officer is permitted however, to make temporary investigative detention of a motorist if the officer has a reasonable suspicion that some activity out of the ordinary is or has occurred, that the person detained is connected with such activity, and that there is some indication that the activity is related to crime or a criminal offense. Now bearing in mind these instructions, if you find from the evidence that on the occasion in question the defendant, VALENTIN ESPERICUETA, was not driving his vehicle on the middle of a center striped roadway on Hwy 181 North immediately preceding his stop and detention by the police officer involved herein, or you have a reasonable doubt thereof, then such stopping of the accused would be illegal, and if you find the facts so to be, or if you have a reasonable doubt thereof, you will disregard the testimony of the officer relative to his stopping of the defendant and his conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever.

went to the jury. The jury found appellant guilty.

■ Appellant argues in his third and fourth points that the stop was illegal under state and federal law and therefore the motion to suppress should have been granted. At the hearing on appellant's motion to suppress the trial court is the sole finder of fact. *Carrasco v. State,* 712 S.W.2d 120, 122 (Tex.Crim.App.1986); *Stephenson v. State,* 494 S.W.2d 900, 905 (Tex.Crim. App.1973). The court's duty is to observe the demeanor of the witnesses, weigh the evidence, and determine whether the evidence shows that the stop was legal. *See Russell v. State,* 717 S.W.2d 7, 10 (Tex. Crim.App.1986); *Lalande v. State,* 676 S.W.2d 115, 118 and n. 5 (Tex.Crim.App. 1984).

The evidence at the motion to suppress included testimony from Chris Ybanez, the arresting officer. Ybanez testified that he was driving south towards Beeville on Highway 181. He observed appellant pass another car in a no passing zone and he also saw appellant driving over the center stripe. Appellant was pulled over, and during their conversation, Ybanez said he detected a "strong odor of alcohol." Ybanez asked if appellant had been drinking, and appellant admitted that he drank several beers. Field sobriety tests were administered, and appellant was arrested for driving while intoxicated and taken to jail.

Appellant did not testify at the hearing on appellant's motion to suppress. The trial court denied the motion.

Two issues are presented in appellant's first point of error. The first is whether the evidence showed that the initial stop was legal, and the second is whether the evidence showed that the arrest was based on probable cause. The State had the burden of proof on these issues. In reviewing the sufficiency of the evidence supporting the denial of a motion to suppress, our task is to determine whether there is any evidence in the record to support the trial court's findings.

The legality of the stop is at issue because a Fourth Amendment seizure of a vehicle and its occupants occurs when it is stopped by a police officer. *Michigan Dept. of State Police v. Sitz,* 496 U.S. 444, 449, 110 S.Ct. 2481, 2485, 110 L.Ed.2d 412 (1990); *Delaware v. Prouse,* 440 U.S. 648, 653, 99 S.Ct. 1391, 1395, 59 L.Ed.2d 660 (1979); *Viveros v. State,* 799 S.W.2d 458, 459 (Tex.App.—Corpus Christi 1990), *affirmed,* 828 S.W.2d 2 (Tex.Crim.App.1992). Generally, such seizures are illegal unless the police have a legally sufficient reason for stopping the car. *See e.g. Viveros,* 799 S.W.2d at 460. One sufficient reason is that the driver committed a traffic violation, *see Armitage v. State,* 637 S.W.2d 936, 939 (Tex.Crim.App.1982), and the police stopped the vehicle to issue a citation for the traffic violation, *see State v. Viveros,* 828 S.W.2d 2, 4 (Tex.Crim.App.1992).

Ybanez' testimony described two separate traffic violations. Appellant did not controvert this testimony. Thus, the un-

REQUESTED JURY INSTRUCTION NO. 2
You are instructed that under our law no evidence obtained or derived by an officer or other person as a result of an unlawful stop and detention and arrest shall be admissible in evidence against such accused. An officer is permitted however, to make temporary investigative detention of a motorist if the officer has a reasonable suspicion that some activity out of the ordinary is or has occurred, that the person detained is connected with such activity, and that there is some indication that the activity is related to crime or a criminal offense. Now bearing in mind these instructions, if you find from the evidence that on the occasion in question the defendant, VALENTIN ESPERICUETA, did not

pass another vehicle in a no passing zone on Hwy 181 North immediately preceding his stop and detention by the police officer involved herein, or you have a reasonable doubt thereof, then such stopping of the accused would be illegal, and if you find the facts so to be, or if you have a reasonable doubt thereof, you will disregard the testimony of the officer relative to his stopping of the defendant and his conclusions drawn as a result thereof and you will not consider such evidence for any purpose whatsoever.

These requested jury instructions were sufficient to alert the trial court to the omission; thus, the error was preserved. *Stone,* 703 S.W.2d at 655; Tex. Code Crim. Proc. Ann. art. 36.15 (Vernon 1990).

controverted evidence supported the trial court's implied finding that appellant was stopped legally.

■ Ybanez also testified that he smelled alcohol on appellant's breath and that he failed the field sobriety test. He testified that in his opinion appellant was intoxicated. Police officers may arrest persons without a warrant if they have probable cause to believe a crime has been committed in their presence. TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1990); *see Miffleton v. State*, 728 S.W.2d 880, 883 (Tex.App.—Austin 1987), *affirmed*, 777 S.W.2d 76 (Tex.Crim.App.1989) (DWI). The evidence that appellant was driving while intoxicated is sufficient to sustain the trial court's implied finding that the arrest was based on probable cause to believe that appellant was committing that crime. Appellant's third and fourth points of error are overruled.

■ Appellant's eighth point complains that the evidence is insufficient to sustain the conviction. The evidence, viewed in the light most favorable to the verdict, shows that the police saw appellant commit two traffic violations. When they pulled him over, he smelled of alcohol and failed a field sobriety test. Appellant admitted to Ybanez that he had been drinking, and in Ybanez' opinion he was intoxicated.

We hold this evidence is sufficient to sustain the conviction under the appropriate standard of review, which is whether any rational trier of fact, viewing all the evidence in the light most favorable to the verdict, could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316–18, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex.Crim.App.1981). Appellant's eighth point is overruled.

■ In appellant's fifth and sixth points he argues that the trial court erred by failing to give the requested instruction asking whether the stop was legal. We sustain these points of error.

Under Texas law, a criminal defendant is entitled to have a jury determine whether a police stop was legal if the evidence on that point is controverted and a question or instruction is requested. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon 1987). Appellant requested submission of an instruction; thus, the remaining issue is whether the evidence concerning the legality of the stop was controverted.

The police officers testified that they observed appellant pass another car in a no passing zone and that they saw him driving on the center stripe. Based on these two traffic infractions, they decided to pull appellant over and issue a citation.

Appellant testified contradictorily. On cross examination he stated that he passed another car, but that he was unsure whether it was in a no passing zone. He testified:

Q: Do you know whether or not there was a double line when you passed that car or not, or do you remember?

A: I didn't get to see the double line.

Q: Did you pass a vehicle?

A: I beg your pardon?

Q: You passed a vehicle. His testimony is correct about that; is that right? After you got off the bypass?

A: Yes, but I don't remember seeing the double line.

However, on redirect examination, appellant testified:

Q: Was there any violation you committed before the officer stopped you?

A: No.

The evidence conflicted. The police testified to two traffic violations. Appellant initially testified that he did not know if he violated the law. On redirect, he testified that he committed no violations.

If a witness testifies one way on direct, and another on cross examination, a fact issue is raised. *Clawson v. State*, 440 S.W.2d 638, 639–40 (Tex.Crim.App.1969);

*Cantrell v. State*, 129 Tex.Crim. 240, 86 S.W.2d 777, 781–82 (App.1935). A long line of Texas decisions construing art. 38.23 hold that if a fact issue is raised by conflicting evidence concerning a stop, and if an instruction is requested, such instruction must be given. *See Stone v. State*, 703 S.W.2d 652, 655 (Tex.Crim.App.1986); *Jordan v. State*, 562 S.W.2d 472, 473 (Tex. Crim.App.1978).

The State had the burden of proving beyond a reasonable doubt that either of the two violations occurred. The only evidence presented on this issue was oral testimony by the police officers and conflicting evidence by the defendant. Thus, it was for the jury to decide whether a traffic violation occurred. We hold the trial court erred by failing to submit the requested instructions.

■ The next issue is whether this error is reversible. In *Jordan*, the Court of Criminal Appeals held that the failure to submit a requested instruction when such instruction is raised by the evidence is reversible error. This analysis was followed in *Stone*. We hold, therefore, that the error is reversible.

The trial court's judgment is reversed and remanded for a new trial.