Jack Krohn Standefer appeals his conviction by a jury of the offense of driving while into








COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JACK KROHN STANDEFER,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-97-00641-CR


Appeal from the


County Court at Law No. One


of Midland , Texas


(TC# CR67,591)

MEMORANDUM OPINION


 Jack Krohn Standefer appeals his conviction by a jury of the offense of driving
while intoxicated. The trial court assessed his punishment at two (2) years'
community supervision and a fine of $1000. We originally reversed this conviction,
sustaining Standefer's first issue, holding that the trial court erred by not permitting
Standefer to ask during voir dire whether a potential juror would presume someone
guilty if he or she refused a breath test. The Texas Court of Criminal Appeals
reversed, holding that the question was an improper commitment question. Standefer
v. State, 59 S.W.3d 177, 183 (Tex. Crim. App. 2001). The court remanded the case
so that we might consider Standefer's other issues. He presents two other issues,
whether the trial court improperly refused to grant challenges for cause to three
venirepersons because of their stated predisposition to believe police officers more
than other witnesses, and whether the trial court improperly denied his requested jury
instruction regarding the legality of the stop of his vehicle. We affirm.

 Standefer contends in Issues No. Two, Three, and Four that the trial court erred
by refusing to grant his challenge for cause regarding veniremembers Steven Rogers,
Raymond Sale, and Carol Hawk. During voir dire, Rogers said that he had a
disposition to believe a police officer more than someone else. Sale indicated that he
thought he would have a predisposition to believe a police officer more than someone
else "if he had been trained for such a thing." Hawk stated that she would probably
believe a police officer more than somebody else. None of the three was asked
whether he or she believed that a police officer always tells the truth.

 When a prospective juror is shown to be biased as a matter of law, he or she
must be excused when challenged, even if the juror states that he or she can set his or
her bias aside and provide a fair trial. Knox v. State, 744 S.W.2d 53, 60 (Tex. Crim.
App. 1987). It is left to the discretion of the trial court to first determine whether or
not bias exists. Id. The trial court's decision to overrule a challenge for cause must
be reviewed in light of all of the answers that the prospective juror gives. Id. 
Appellate review of voir dire proceedings does not end with a mechanical recitation
of a single question and answer. Id.


 Rogers, Sale, and several other veniremembers indicated a willingness to trust
"our peace officers" out on the road that have had years of experience identifying the
intoxicated driver to determine when somebody has had too much to drink. Rogers
said, when asked if he presumed the defendant to be "just a little bit guilty" because
he had been charged, stated that he did not "figure the police officer is going to waste
my time or yours, so there must be something for me to hear. But I'm not making any
presumptions." Sale, when asked if he presumed Standefer to be "just a little bit
guilty" because he had been charged, replied, "I think if the police picked him up and
wrote him a ticket for this, he may have been guilty. But I certainly wouldn't think
that until I hear what is going on." Sale indicated that either he or his spouse had
contributed to the organization Stop DWI, formerly Mothers Against Drunk Drivers. 
All three of these challenged voir dire members testified that he or she would keep an
open mind until hearing all of the evidence and closing arguments of both sides.

 In arguing that the trial court abused its discretion in overruling his challenges
for cause, Standefer relies on the case of Hernandez v. State, 563 S.W.2d 947 (Tex.
Crim. App.1978). We find that case to be distinguishable. In Hernandez, the court
held that the trial court improperly overruled a challenge for cause of a veniremember
who indicated she believed a police officer would always tell the truth because that
belief demonstrated bias against the appellant. Id. at 950. In the case at bar, neither
Rogers, Sale, or Hawk indicated a belief that a police officer would always tell the
truth. 


 A veniremember who indicates a tendency to give certain classes of witnesses
a slight edge in terms of credibility, but otherwise appears open-minded and
persuadable, with no extreme or absolute position regarding the credibility of any
witness, is not challengeable for cause. Ladd v. State, 3 S.W.3d 547, 560 (Tex. Crim.
App. 1999). Rogers, Sale, and Hawk appeared open-minded and persuadable, and
had no extreme or absolute position regarding the credibility of any witness. We
therefore hold that the trial court did not abuse its discretion in overruling Standefer's
challenges for cause as to them. We overrule Issues No. Two, Three, and Four. 

 Standefer insists in Issue No. Five that the trial court erred by denying his
requested jury instruction regarding the legality of the stop of his vehicle. Article
38.23(a) of the Texas Code of Criminal Procedure prohibits the introduction of
illegally obtained evidence. It further provides for a jury instruction to disregard the
evidence if the jury believes, or has a reasonable doubt, that the evidence was illegally
obtained, provided that the legal evidence "raises an issue hereunder." Tex. Code
Crim. Proc. Ann. 38.23(a) (Vernon 1979).

 An officer is permitted to make a temporary investigative detention of a
defendant if the officer has a reasonable suspicion that some activity out of the
ordinary is or has occurred, some suggestion to connect the defendant with the
unusual activity, and some indication that the activity is related to crime. Stone v.
State, 703 S.W.2d 652, 654 (Tex. Crim. App. 1986). The reasonable suspicion
required does not rise to the level of probable cause such as is required to justify a
warrantless arrest or search. Id. If the evidence raises a fact issue as to whether the
officers had a reasonable suspicion to stop Standefer, then he was entitled to have the
jury charged as required by Article 38.23.

 Bill Anderson, a deputy sheriff for Midland County, testified that he observed
Standefer's vehicle staying close to the right shoulder stripe, weaving back to the
center of the lane, and then back close to the shoulder stripe. He said he twice
observed Standefer cross onto the shoulder stripe. He indicated that this was not a
normal way of driving, and that there was nothing in the weather or road conditions
that might have caused it. He said nothing about Standefer crossing the shoulder
stripe or weaving outside his lane of traffic. Standefer testified that he had been
hugging the right shoulder for about the last twenty-two years and that he did not
recall crossing the shoulder stripe. He did not deny weaving within his lane as
described by the officer, or deny driving on the shoulder stripe. 

 Inasmuch as the evidence concerning the nature of Standefer's driving that
formed the basis for the stop was undisputed, it did not create a fact issue for the jury
to resolve. Consequently, the trial court did not err in denying Standefer's requested
instruction. See Jordan v. State, 562 S.W.2d 472, 473 (Tex. Crim. App. 1978);
Campbell v. State, 492 S.W.2d 956, 958 (Tex. Crim. App. 1973). Standefer relies on
the opinions in Stone, 703 S.W.2d at 652; Reynolds v. State, 848 S.W.2d 148 (Tex.
Crim. App. 1993); Jacobs v. State, 734 S.W.2d 704 (Tex. App.--Dallas 1987, pet.
ref'd); Simmons v. State, 741 S.W.2d 595 (Tex. App.--Dallas 1987, pet. ref'd); and
Espericueta v. State, 838 S.W.2d 880 (Tex. App.--Corpus Christi 1992, no pet.). We
find all of these cases to be distinguishable because in each there was conflicting
testimony concerning the circumstances of the stop of the defendant's vehicle. 
Reynolds, 848 S.W.2d at 149; Stone, 703 S.W.2d at 655; Jacobs, 734 S.W.2d at 705;
Simmons, 741 S.W.2d at 696; Espericueta, 838 S.W.2d at 883. In the case at bar,
Deputy Anderson's testimony that Standefer was weaving within his own lane and
driving on the shoulder stripe was uncontroverted. We overrule Issue No. Five. 

The judgment is affirmed. 

October 9, 2003

 

 ________________________________________ 
 JOHN HILL, Chief Justice, (Ret.)

 



Before Panel No. 5

Hill, C.J. (Ret.), Larsen, and McClure, JJ.

(Hill, C.J., (Ret.) sitting by assignment)


(Do Not Publish)