COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

NORMAN HOUSTON,                                       )

                                                                              )              
No.  08-01-00458-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                      County Court

THE STATE OF TEXAS,                                     )

                                                                              )          
of Andrews County, Texas

Appellee.                           )

                                                                              )                    (TC# 00-0006)

                                                                              )

 

O
P I N I O N

 

Appellant, Norman
Houston, appeals a conviction for the misdemeanor offense of Driving While
Intoxicated, Subsequent Offense.  A jury
found Appellant guilty and the trial court assessed punishment of one year
confinement, probated for two years, with a fine of $750.  

Appellant now raises three issues
on appeal.  We reverse and remand.








Appellant was
driving home after an evening with his girlfriend on December 24, 1999.  He was stopped at 2:39 a.m. by Sergeant Barry
Hughes, a patrol officer with the Andrews Police Department, who witnessed his
automobile weaving and crossing the white striped line.  The patrol officer suspected Appellant of
driving while intoxicated.  When Officer
Hughes spoke to Appellant, he smelled a strong odor of alcohol and noticed that
Appellant=s speech
was slurred and his eyes were bloodshot and glassy.  The officer administered three field sobriety
tests and Appellant failed to perform each test properly.  Appellant was arrested.  He declined to take a breath test.  Appellant was later charged by information
with the misdemeanor offense of driving while intoxicated, subsequent offense.

At trial, the
State called Officer Hughes to testify. 
The defense called an optometrist, Dr. Paul Hayter, to testify
about Appellant=s vision
and the horizontal gaze nystagmus test.  
Appellant also testified on his own behalf.  Ultimately the jury found Appellant
guilty.  After a sentencing hearing, the
trial court assessed punishment.  

Appellant raises
three issues for our review:  (1) whether
the trial court erred in denying Appellant=s
motion to suppress; (2) whether the trial court erred in admitting certain
testimony from the arresting officer; and (3) whether the trial court erred in
denying Appellant=s
requested jury instruction.  We find the
third issue dispositive, and begin our discussion with the court=s denial of Appellant=s requested jury instruction.

With this issue,
Appellant argues the trial court committed reversible error by denying his
requested jury charge.  Appellant argues
the instruction was required under Texas Code of Criminal Procedure Article
38.23.

Article 38.23(a)
of the Texas Code of Criminal Procedure entitles a criminal defendant to have a
jury determine whether a police stop was legal if the evidence on that point is
controverted and an instruction is requested. 
See Tex.Code
Crim.Proc.Ann. art. 38.23(a) (Vernon Supp. 2003); Reynolds v. State,
848 S.W.2d 148, 149 (Tex.Crim.App. 1993); Espericueta v. State, 838
S.W.2d 880, 883 (Tex.App.--Corpus Christi 1992, no pet.).  This section of the Code provides:








(a) 
No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the Constitution
or laws of the United States of America, shall be admitted in evidence against
the accused on the trial of any criminal case.

In any case where the legal evidence
raises an issue hereunder, the jury shall be instructed that if it believes, or
has a reasonable doubt, that the evidence was obtained in violation of the
provisions of this Article, then and in such event, the jury shall disregard
any such evidence so obtained.

 

Tex.Code
Crim.Proc.Ann. art. 38.23(a).  In
this case, Appellant requested submission of such an instruction.  The requested charge was read into the record
by defense counsel at the close of evidence. 
Thus, the only issue is whether the evidence concerning the legality of
the stop was controverted.  Tex.Code Crim.Proc.Ann. art. 38.23(a); Espericueta,
838 S.W.2d at 883; Jacobs v. State, 734 S.W.2d 704, 705
(Tex.App.--Dallas 1987, pet. ref=d).

At trial, the
State called Officer Hughes to testify. 
He testified he first noticed Appellant=s
vehicle after turning onto the 300 block of North Main in Andrews.  He was traveling northbound behind three
other vehicles.  He was directly behind a
white Ford pickup truck, which as he later learned, was driven by Appellant.  Officer Hughes explained that North Main is a
four-lane roadway with a double line divider. 
The two northbound lanes are divided by a white stripe.  The patrol officer told the jury that he
observed the white pickup truck Acrossing
over into the right northbound land and back over in the left-hand northbound
lane.@  He noted that no turn signal was used and
there was no indication that Appellant was trying to go around anything.  The prosecutor questioned Officer Hughes as to
whether the truck completely crossed over into the second lane.  The officer responded, ANot all four tires.  Just two tires.@  Then the prosecutor asked, ASo at some point it could be straddling
the middle . . . dividing stripe?@  To which, Officer Hughes responded
affirmatively.

 








Appellant also
testified.  He stated:

Defense:           And go ahead and tell the members of
the jury, when you arrived around the 300 block of North Main here in Andrews,
around 2:39 or so, between 2:30 and 2:45 the morning of December 24th, how did
you drive?  What was your focus on?

 

Appellant:         I was coming in on the inside
lane.  Actually, it was maybe a couple of
blocks further north.  I just reached
down to adjust my radio.  I was listening
to a song.  I reached down to adjust the
volume back down and I swerved ever so slightly.  And I pulled it back like that.

I don=t recall getting out of my lane
though.  And then the next thing I knew,
I was looking -- first thing I did was look in my rearview mirror, just to make
sure there wasn=t anyone
beside me or coming up behind me.

 

                                                              .               .               .

 

Defense:           When you adjusted the volume on this
radio in the pickup truck, was there any vehicle right to your right?

 

Appellant:         No. 
There was two cars, one in front of me -- directly in front of me, and
in the right-hand lane in front of me further. 
Both cars were in front of me.

 

Defense:           They were pretty well in front of
you?

 

Appellant:         Yes.

 

Defense:           When you first saw the patrol lights
come on, did you pull over right away?                    

 

Appellant:         Not right away.  I just -- he was pretty far back there.  I didn=t
know who he was after, really.

But I did -- a little
ways further in that block, I did go ahead and signal and pull over in the
right-hand lane. 

When he came up
behind me, I knew he was after me, so I went ahead and turned in the Beall=s parking lot.  We were about that area.

 

Later during cross-examination, the
following exchange occurred:








Prosecutor:       And is it my understanding that the
reason you were drifting into the other lane is because you were adjusting your
radio?  Is that what you said?

 

Appellant:         I reached down to adjust the volume on
the radio, and I drifted a bit.  I never
really, in my opinion, got out of my lane, inside lane.

 

Prosecutor:       I thought I understood you to say
something earlier about how you checked to see if there was anyone next to you
before you did your radio?

 

Appellant:         No. 
I did that afterwards.  I just
checked my rearview mirror.  As soon as I
drifted a bit, when I reached down to adjust the radio and I jerked it back
like that.

 

Prosecutor:       So you knew you had drifted?

 

Appellant:         Well, as soon as I looked up, I knew I
drifted a little bit, yes, so I pulled it back.

 








Under Article
38.23, a trial court is required to include a properly worded instruction in
the jury charge only if there is a factual dispute as to how the evidence was
obtained.  Tex.Code Crim.Proc.Ann. art. 38.23(a); Thomas v. State,
723 S.W.2d 696, 707 (Tex.Crim.App. 1986). 
In this case, Officer Hughes stated that he observed Appellant=s vehicle crossing over into the right
northbound lane and back over in the left-hand northbound lane.  He clearly testified that two of the tires
crossed into the other lane and at some point, the car was straddling the
dividing stripe.  In contrast, Appellant
testified on both direct and cross-examination that he never got outside of his
lane.  Appellant=s
account of the events was contradictory to that of Officer Hughes.  As such, a fact question was raised as to the
underlying legality of the traffic stop. 
Accordingly, Appellant=s
requested instruction was proper.  Tex.Code Crim.Proc.Ann. art. 38.23(a); Murphy
v. State, 640 S.W.2d 297, 299 (Tex.Crim.App. 1982).  The trial court=s
denial of the instruction was erroneous. 
Murphy, 640 S.W.2d at 299.

Appellant objected
to the court=s charge
and requested an Article 38.23 instruction. 
Accordingly, this error requires reversal if he suffered Asome harm@
from the omission.  See Gerron v.
State, 57 S.W.3d 568, 572 (Tex.App.--Waco 2001, no pet.); Atkinson v.
State, 934 S.W.2d 896, 897 (Tex.App.--Fort Worth 1996, no pet.); see
also Atkinson v. State, 923 S.W.2d 21, 27 (Tex.Crim.App. 1996)(Article
36.19 harm standard applies in cases where Article 38.23 instruction
erroneously omitted); Almanza v. State, 686 S.W.2d 157, 171
(Tex.Crim.App. 1984) (op. on reh=g)(construing
Article 36.19).

The record
contains no evidence of Appellant=s
guilt independent of that obtained as a result of the traffic stop.  Accordingly, we must conclude that he suffered
Asome harm@
as a result of the omission of an Article 38.23 instruction from the
charge.  See Gerron, 57 S.W.3d at
572; Vrba v. State, 69 S.W.3d 713, 719 (Tex.App.--Waco 2002, no
pet.).  Appellant=s
third issue on appeal is sustained.

We reverse and
remand for a new trial.

 

 

 

 

November
27, 2002

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 5

McClure, J., Chew, J., and Preslar, C.J. (Ret.)

Preslar, C.J. (Ret.)(Sitting by Assignment)

 

(Do Not Publish)