COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

GREGORY SAWYER,                                         )

                                                                              )              
No.  08-05-00125-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )           
County Criminal Court #2

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )               
(TC# MB0358482-B)

                                                                              )

 

 

O
P I N I O N

 

Appellant Gregory
Sawyer appeals his conviction for the offense of driving while
intoxicated.  The jury found Appellant
guilty as charged in the information and the trial court sentenced Appellant to
180 days confinement in the Dallas County Jail, probated to 24 months of
community supervision, and fined him $800. 
In his sole issue, Appellant contends the trial court erred in failing
to instruct the jury pursuant to Article 38.23 of the Texas Code of Criminal
Procedure.  We affirm.

FACTS








On the evening of
August 15, 2003, Dallas Police Officer Thomas Castro and his partner were on
patrol on Matilda when Officer Castro observed a Ford Escort squeal its tires
as it made a left turn in front of his patrol car.  He noticed the vehicle because of the loud
squealing of the tires.  The officers
made a u-turn and initiated a traffic stop. 
Officer Castro believed he had reasonable suspicion to pull over the
vehicle based on his observation of the driver squealing his tires off, which
he believed was a violation of the city=s
anti-noise ordinance.

Due to heavy
traffic on the road, both officers approached the vehicle on the passenger side
to make initial contact.  The passenger
in the vehicle had a strong odor of alcohol on his breath and bloodshot
eyes.  Officer Castro approached the
driver=s side of
the vehicle and made contact with the driver, later identified as
Appellant.  Upon request, Appellant
provided his driver=s license
and proof of insurance.  Officer Castro
observed that Appellant had a strong odor of alcohol on his breath and blood
shot eyes.  Officer Castro asked
Appellant if he had been drinking and Appellant told the officer that he had
three or four drinks.  Officer Castro
returned to his patrol car and requested a DWI police unit to the
location.  Officer Brett Taite responded
and conducted field sobriety tests. 
Based on Appellant=s
performance of the tests, Officer Taite formed the opinion that Appellant was
intoxicated and did not have the normal use of his physical and mental
faculties.  Officer Taite placed
Appellant under arrest for driving while intoxicated.








On cross-examination,
Officer Castro testified that there was a stop sign at the intersection where
he first observed Appellant=s
vehicle.  Officer Castro did not see
Appellant stop, but he did not have any reason to believe that Appellant had
ran the stop sign.  Rather, Officer
Castro believed that Appellant had violated the anti-noise ordinance of the
Dallas City Code by making an offensive noise when he squealed his tires.  The officer admitted that he only heard
screeching tires, not the other types of noises specifically listed in the
ordinance.  According to Officer Castro,
the ordinance applies to any noise that could be disturbing.[1]  The only violation that Officer Castro
observed was the squealing of the tires. 
Appellant was initially stopped for the ordinance violation that Officer
Castro had personally observed.  Officer
Castro admitted that he is not a citizen of the city of Dallas, and that to his
knowledge, no citizen had called in a complaint about the squealing tires.  However, based on previous experience, he
knew of general complaints about vehicles racing and squealing their tires up
and down the streets.  Thus, he believed
such noises where offensive to citizens.

Oscar Deleon was
the passenger in Appellant=s
vehicle on the night of the arrest.  They
went out to a bar that night, but Mr. Deleon did not see Appellant drink
anything and Appellant did not exhibit any signs of intoxication.  Appellant=s
vehicle is a >91 or >92 Ford Escort.  Mr. Deleon had done some research on the
Consumer Report website and based on the data, he determined that the vehicle
is a front wheel drive and does not have the ability to squeal tires.  Mr. Deleon learned that the vehicle can go
from 0 to 60 in 12.5 seconds and does not have enough power to attempt a quick
get away.








According to Mr.
Deleon, when they were stopped they were looking for a place to park and
Appellant was driving fairly slow.  Prior
to the police pulling them over, Appellant had stopped at the stop sign and
made a left onto Matilda going north. 
Appellant did not squeal his tires or make a loud noise, however, some
gravel hit the underside of the vehicle. 
Mr. Deleon was certain that there was no squealing of tires or other
loud noise.  When they were stopped by
police it felt sudden and unexpected.

Appellant=s father, Peter Sawyer, testified that
he had lent Appellant his 1994 Ford Escort in August 2003.  Mr. Sawyer had owned it for at least three
years and had driven it on several occasions. 
The tires never squealed when he drove it.  Mr. Sawyer testified that it is a front-end
drive vehicle, it is an economical car, and that it would be very difficult to
make the tires squeal because it does not have any power.

DISCUSSION

Article
38.23 Instruction








In his sole issue,
Appellant argues that the trial court erred in failing to instruct the jury
pursuant to Article 38.23.  Specifically,
Appellant complains of the trial court=s
refusal to include his requested instruction based on Article 38.23.  When an appellant alleges jury charge error
on appeal, our first task is to determine whether error actually exists in the
charge.  Hutch v. State, 922
S.W.2d 166, 170 (Tex.Crim.App. 1996); Almanza v. State, 686 S.W.2d 157,
171 (Tex.Crim.App. 1985)(Opin. on reh=g).  Article 38.23(a) provides for the exclusion
of unlawfully obtained evidence and requires the trial court to instruct the
jury that such evidence shall be disregarded if it believes, or has a
reasonable doubt, that the evidence was obtained in violation of constitutional
or statutory provisions.  See Tex.Code Crim.Proc.Ann. art.
38.23(a)(Vernon 2005).  If the defendant
successfully raises a factual dispute concerning the manner in which the
evidence was obtained, inclusion of a properly worded Article 38.23(a)
instruction is mandatory.  Pickens v.
State, 165 S.W.3d 675, 680 (Tex.Crim.App. 2005); Bell v. State, 938
S.W.2d 35, 48 (Tex.Crim.App. 1996).  Such
an instruction directs the jury to disregard the evidence if it resolves the
factual dispute in the defendant=s
favor.  Balentine v. State, 71
S.W.3d 763, 773-74 (Tex.Crim.App. 2002). 
A fact issue concerning whether the evidence was legally obtained may be
raised A>from any source, and the evidence
may be strong, weak, contradicted, unimpeached, or unbelievable.=@  Garza v. State, 126 S.W.3d 79, 85
(Tex.Crim.App. 2004).

In pertinent part,
the court=s charge
to the jury contained the following Article 38.23 instruction:

You are instructed
that an officer is permitted to make a temporary investigative detention of a
defendant if the officer has a reasonable suspicion that some activity out of
the ordinary is or has occurred, that the person detained is connected with such
activity, and that there is some indication that the activity is related to a
crime or a criminal offense.

 

The offense of noises
interfering with enjoyment of property or public peace and comfort is defined
as follows:

 

No person shall make
or cause to be made any loud and raucous noise in the city which is offensive
to the ordinary sensibilities of the inhabitants of the city, which noise
renders the enjoyment of life or property uncomfortable or interferes with
public peace and comfort,

 

                                                              .               .               .

 

Now, bearing in mind
the foregoing instructions, if you find from the evidence beyond a reasonable
doubt that Officer Castro had a reasonable suspicion based on articulable facts
to temporarily detain the defendant, Gregory Sawyer, for the offense of noises
interfering with enjoyment of property or public peace and comfort, you may
next consider whether or not Officer Castro then had cause to investigate
further; however, if you do not so find beyond a reasonable doubt, or if you
have a reasonable doubt thereof, then you will not consider the question of
whether or not the defendant was driving while intoxicated and enter a verdict
of not guilty based upon no reasonable suspicion to detain.  

 

Instead, Appellant had requested
the following jury instruction, which was read into the record:








No evidence obtained or derived by a
police officer result [sic] of unlawful arrest should be admissible and
evidence against an accused.

 

An officer is
permitted, however, to continue to contain the motorist if the officer has
probable cause to believe and does believe that a criminal offense has
occurred.

 

                                                              .               .               .

 

By the term >probable cause= as used herein, is meant where the
facts and circumstances within the officer=s
knowledge and under which he has reasonable trustworthy information or
sufficient in itself to warrant a person with reasonable caution to believe an
offense has been or is being committed.

 

                                                              .               .               .

 

Now, bearing in mind the foregoing
instructions, if you find from the evidence or if you have a reasonable doubt
thereof that on or about the 15th day of August, 2003, that Officer Castro did
have probable cause that the defendant, Gregory Sawyer, violated . . . Dallas
Anti Noise City Code Number 3401,30.2 [sic] . . . then the detention
should be illegal.

 

Therefore, if you find
the facts to be, or if you have a reasonable doubt thereof, you will disregard
all the testimony and evidence and won=t
consider such testimony and evidence for any purposes and say by your verdict
not guilty.

 

The State concedes that the
conflicting testimony of Officer Castro and Mr. Deleon raised a factual dispute
concerning the legal basis for the traffic stop.  However, it asserts that Appellant=s requested instruction would have
required the jury to find that Officer Castro had probable cause to stop
Appellant before it could consider any evidence obtained subsequent to the
stop, which is  contrary to the law under
the circumstances of this case.  We
agree.








An officer
conducts a lawful temporary detention when he has reasonable suspicion to
believe that an individual is violating the law.  Ford v. State, 158 S.W.3d 488, 492
(Tex.Crim.App. 2005); see also Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct.
1868, 1880, 20 L.Ed.2d 889, 906 (1968); Carmouche v. State, 10 S.W.3d
323, 328 (Tex.Crim.App. 2000). 
Reasonable suspicion exists if the officer has specific, articulable
facts that when combined with rational inferences from those facts, would lead
him to reasonably conclude that a particular person actually is, has been, or
soon will be engaged in criminal activity. 
Ford, 158 S.W.3d at 492. Thus, the police officer in this case
did not need probable cause to stop the vehicle; rather he needed only
reasonable suspicion based on articulable facts.  See Stone v. State, 703 S.W.2d 652,
654‑55 (Tex.Crim.App. 1986), overruled in part on other grounds by Atkinson
v. State, 923 S.W.2d 21 (Tex.Crim.App. 1996).  Therefore, Appellant=s
requested instruction is contrary to the law. 
See Thacker v. State, 889 S.W.2d 380, 399 (Tex.App.--Houston
[14th Dist.] 1994, pet. ref=d);
Simmons v. State, 741 S.W.2d 595, 597 (Tex.App.‑-Dallas 1987, pet.
ref=d); see also Abdnor v. State,
871 S.W.2d 726, 731 (Tex.Crim.App. 1994)(the charge must include an accurate
statement of the law).








Although the trial
court denied the requested instruction, it did charge the jury on the issue of
the unlawfulness of the stop, which the State has conceded was raised by the
evidence at trial.  On appeal, Appellant does
not complain about the instruction that was submitted to the jury.[2]  In reviewing the charge, we find that the
court=s
instruction stated the applicable law on the anti-noise ordinance and
reasonable suspicion.  Further, it
instructed the jury not to consider the issue of whether or not Appellant was
driving while intoxicated, that is, to disregard all evidence of Appellant=s alleged intoxication, and enter a not
guilty verdict if it found there was no reasonable suspicion to detain.  We conclude that the instruction satisfied
Article 38.23(a) and therefore, the trial court did not err in refusing to
include the probable cause instruction requested by Appellant.  Appellant=s
sole issue is overruled.

We affirm the
trial court=s
judgment.

 

 

 

March
2, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Chapter 30, Section 30-1 of the Dallas City Code states that:

 

No person shall make
or cause to be made any loud and raucous noise in the city which is offensive
to the ordinary sensibilities of the inhabitants of the city, which noise
renders the enjoyment of life or property uncomfortable or interferes with
public peace and comfort.  (Ord. 13744).

 

Section 30-2 provides a
non-exclusive list of acts which are deemed in violation of the chapter.





[2]
Appellant claims on appeal that his trial counsel Aobjected
that the charge failed to include an Article 38.23 instruction.@ 
However, in reviewing the record, we observe that his trial counsel made
no such objection.  Rather, Appellant=s trial counsel requested that a
different instruction than the one given in the proposed charge.  Specifically, his counsel asked that the
requested instruction, Areplace
the language you have in this particular Charge.@