

**NUMBER 13-11-00451-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**EDUVIGES MARGARITA ZAVALA,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

**On appeal from the County Court at Law No. 1
of Brazos County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

Appellant Eduviges Margarita Zavala appeals her jury conviction for driving while intoxicated, a Class B misdemeanor.   *See* TEX. PENAL CODE ANN. § 49.04 (West 2011). The trial court sentenced Zavala to 180 days' confinement at the Brazos County Jail and fined $2,000.00.   By one issue, Zavala asserts that the trial court erred in denying her request to include a jury instruction under article 38.23 of the code of criminal procedure.

*See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Because we conclude that the evidence did not raise an issue of fact to warrant an article 38.23 instruction, we affirm.[1]

## I.       BACKGROUND[2]

On or about March 9, 2008, Zavala drove her former boyfriend James Yeppez home after a night out at Tonix, a club in Brazos County, Texas. Zavala testified that she arrived at Tonix with her niece that night, but left with Yeppez after offering to drive him home.[3]

The following testimony was presented at trial:

### A.       State's Witness

Texas Department of Public Safety Trooper Tommy Lyons testified that he conducted an unrelated traffic stop on the right shoulder of Farm to Market Road 2818 in the early morning hours of March 9, 2008 when a blue Ford F-150 sped past his patrol unit, failing to slow down or switch to the left lane. *See* TEX. TRANSP. CODE ANN. § 545.157(a) (West 2011) (specifying action to be taken by a driver when approaching an emergency vehicle on the roadway). Trooper Lyons stated that after he finished with the driver of the unrelated traffic stop, he pursued the F-150 and observed it: (1) cross into the improved shoulder on the right side of FM 2818; (2) fail to stop at a designated stop point in the road; and (3) cross into the improved shoulder again after the stop at the

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. 47.4.

[3] According to Zavala, she offered to drive Yeppez's truck because he was drunk, stumbled around, and told Zavala that he was going to drive himself.

2

intersection. Trooper Lyons then testified that he activated his overhead emergency lights to pull the vehicle over, and he later determined it to be driven by Zavala, with Yeppez as a passenger.

When the prosecutor asked Trooper Lyons why he had reasonable suspicion to make the stop, he stated three reasons: (1) "passing a stationary emergency vehicle without slowing"; (2) "going onto improved shoulder where prohibited; and (3) "[failing] to stop at the designated point."

During the stop, Trooper Lyons performed a series of field sobriety tests on Zavala, concluded that she was intoxicated. He placed her under arrest. Trooper Lyons also testified that he placed Yeppez under arrest for public intoxication after observing him to be "highly intoxicated" and "highly belligerent." *See* TEX. PENAL CODE ANN. § 49.02 (West 2011).

## B. Defense's Witness

Zavala testified in her own defense and denied having knowledge that Trooper Lyons's unit was on the side of FM 2818 when she passed it because his emergency lights were not activated. Zavala agreed that her vehicle crossed the shoulder line "a couple of times" and attributed it to Yeppez's physical advances toward her as she attempted to steer his pickup.

A Brazos County jury convicted Zavala of driving while intoxicated, and the trial court assessed punishment at 180 days imprisonment and a $2,000.00 fine. Zavala appealed.

## II.    ARTICLE 38.23 INSTRUCTION

In her sole issue, Zavala contends that the trial court erred for not including an instruction in the jury charge pursuant to article 38.23.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.23.

### A.  Applicable Law and Standard of Review

In part, article 38.23 states that:

> In any case where the legal evidence raises an issue [. . .] the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

*Id.*   A defendant is entitled to this mandatory instruction if:   (1) the evidence heard by the jury raises an issue of fact; (2) the evidence on that fact is affirmatively contested; and (3) that contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.   *See Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007).

Finally, our first duty in analyzing jury-charge issues is to determine whether error exists.   *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005) (en banc).   If we find error in our review, we then analyze that error for harm.   *Id.*

### B.  Discussion

Here, Zavala argues that a factual dispute existed for the reasonableness of her stop by Trooper Lyons to require an article 38.23 instruction.   *See Terry v. Ohio*, 392 U.S. 1, 21–22 (1968); *Davis v. State*, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997) (en banc) (recognizing *Terry*-stops in Texas).   Specifically, Zavala asserts that conflicting testimony was elicited as to whether Zavala recognized Trooper Lyons's patrol unit as an emergency vehicle to require compliance under section 545.157(a).   *See* TEX. TRANSP.

4

CODE ANN. § 545.157(a). We agree with Zavala and the trial court that a factual dispute exists regarding whether Zavala knew that Trooper Lyons's unit was an emergency vehicle.

However, the State argues that the purported violation of section 545.157(a) was only one of three reasons given by Trooper Lyons to justify the reasonableness of the stop. The record shows that the State and Zavala both agree that she crossed twice into the improved shoulder, where prohibited, which violated the transportation code. *See id.* § 545.058 (West 2011). This undisputed traffic violation defeats the first requirement to warrant an article 38.23 jury instruction. *See Madden*, 242 S.W.3d at 510–11 (holding that "if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence."). Furthermore, the "disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Id.*

We are not persuaded by Zavala's argument that Trooper Lyons would not have observed the improved-shoulder violations but for the first purported traffic violation under 545.157(a). *See id.* Here, the disputed fact is not essential in deciding the lawfulness of the stop, since it is well-settled that "a traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *see Espericueta v. State*, 838 S.W.2d 880, 882 (Tex. App.—Corpus Christi 1992, no pet.). In this case, Trooper Lyons observed Zavala's violation of section 545.058. Accordingly, we hold that the trial court did not err in

denying Zavala's request for an article 38.23 instruction.   *See Madden*, 242 S.W.3d at

510–11; *Ngo v. State*, 175 S.W.3d at 743.   Her sole issue is overruled.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of July, 2012.