

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ANTHONY RODRIGUEZ, | § | No. 08-11-00349-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | |
| | § | 396th District Court |
| THE STATE OF TEXAS, | § | |
| | § | of Tarrant County, Texas |
| Appellee. | § | |
| | § | (TC# 1229914D) |
| | § | |

## **O P I N I O N**

Appellant Anthony Rodriguez was charged in Tarrant County, [1] Texas with the third-degree felony offense of possession of methamphetamine, a controlled substance having an aggregate weight of one gram or more but less than four grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

## **BACKGROUND**

On February 12, 2011, members of the Tarrant County Narcotics Task Force and SWAT team executed a no-knock search warrant at 2901 Kathleen Lane in Euless, Texas. SWAT team officers discovered Appellant sitting on a couch in the living room of the residence and observed in

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

Appellant's hand a clear glass pipe with white residue and a small plastic bag containing a substance which appeared to be methamphetamine. A field test was conducted at the narcotics office shortly after the search, and both the residue in the pipe and the substance in the bag tested positive for methamphetamine. The substance in the bag was later tested by the Tarrant County Medical Examiner's Office and confirmed to be methamphetamine with an aggregate weight of 1.55 grams.

At the conclusion of trial, the jury found Appellant guilty of possession of a controlled substance, namely methamphetamine, having an aggregate weight of one gram or more but less than four grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). At punishment the State presented evidence of Appellant's previous felony convictions to support the repeat offender notice set out in the indictment. The State also presented evidence of Appellant's juvenile history of delinquent behavior, and his association with the Crips gang in support of its twenty-year sentencing request. The trial court found the repeat offender notice to be true and sentenced Appellant to fifteen years' confinement in the Institutional Division of the Texas Department of Criminal Justice. When the trial court asked if there was any legal reason why sentencing should not be pronounced, Appellant's counsel responded that there was none. Appellant raises two issues on appeal.

## DISCUSSION

In Issue One, Appellant challenges the legal sufficiency of the evidence to support his conviction. After reciting the standard for reviewing evidence and determining whether it is legally sufficient, Appellant states, "The State of Texas did not meet its burden of proof, proof beyond a reasonable doubt, in that it failed to prove that Appellant committed the offense as is set

out in the indictments." However, without citing to any legal authority, Appellant merely states what federal courts "indicate" about reasonable doubt and the nature of proof which satisfies the purported reasonable-doubt standard. In his concluding paragraph for Issue One, Appellant sets forth Texas case law regarding appellate court examinations of the evidence for sufficiency, followed by a single citation to two portions of the record. Appellant neither sets out the relevant facts from the cited pages of the record nor applies any law to the facts contained in the cited pages of the record. Appellant presents no legal argument explaining why the evidence on the cited pages is legally insufficient to support his conviction.

Because we are under no obligation to make Appellant's arguments for him, we find this issue is inadequately briefed and presents nothing for our review. TEX. R. APP.P. 38.1(i); *see Lucio v. State*, 351 S.W.3d 878, 896-97 (Tex.Crim.App. 2011), *cert. denied*, 132 S.Ct. 2712, 183 L.Ed.2d 71 (2012), citing *Busby v. State,* 253 S.W.3d 661, 673 (Tex.Crim.App. 2008), and *Cardenas v. State,* 30 S.W.3d 384, 393–94 (Tex.Crim.App. 2000). Moreover, no evidence was presented at trial to contradict the State's evidence that Appellant possessed a controlled substance, that the controlled substance weighed between one and four grams, or that the controlled substance was tested and confirmed to be methamphetamine.

As fact finder, the jury was permitted to believe or disbelieve any or all of the evidence presented in reaching a verdict. *Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008). The jury was free to weigh the credibility of the State's evidence and having no evidence to the contrary before it, rationally find all of the elements of the offense beyond a reasonable doubt. *Grant v. State*, 247 S.W.3d 360, 369 (Tex.App. – Austin 2008, pet. ref'd) (uncontroverted evidence was sufficient to support the jury's finding that the defendant committed the charged

offense of aggravated assault); *see also Espericueta v. State,* 838 S.W.2d 880, 882-83 (Tex.App. – Corpus Christi 1992, no pet.) (uncontroverted evidence was sufficient to support the trial court's ruling on the legality of a traffic stop).   Issue One is overruled.

In Issue Two, Appellant complains that his sentence is grossly disproportionate "when considered in light of other sentences from the [Eighth] District of Texas for the same offenses and in light of the facts and circumstances which constituted the offenses" and runs afoul of the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution, which prohibit cruel and unusual punishment.   In order to assert error on appeal pertaining to sentencing or punishment, an appellant must have properly preserved the error below.   TEX. R. APP. P. 33.1(a)(1); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986); *Thompson v. State,* 243 S.W.3d 774, 775 (Tex.App. – Fort Worth 2007, pet. ref'd).   Error may be preserved through a motion for new trial if the motion was presented to the trial court so that it was brought to the court's actual attention; however, mere filing of the motion is not enough.   *Thompson,* 243 S.W.3d at 776.   The movant for new trial bears the burden of presenting the motion to the trial court by providing it with actual notice.   *Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex.Crim.App. 1998).   Additionally, in order to preserve error, a motion for new trial must be sufficiently specific to make the court aware of the complaint and allow it to make a ruling, or if the trial court refuses to make a ruling, the party should object to that refusal.   TEX. R. APP. P. 33.1(a)(1)(A); TEX. R. APP. P. 33.1(a)(2).

There is nothing in the record indicating that Appellant objected to his sentence after it was pronounced.   When asked by the trial court, Appellant's counsel responded that there was no legal reasoning why sentencing should not be pronounced and subsequently made no objections

regarding the proportionality of the sentence when it was pronounced. Although Appellant filed a motion for new trial, nothing in the record indicates that the motion was presented to the trial court, or that the trial court had actual notice of the motion, or that the trial court ruled on the motion, or that Appellant objected to the trial court's failure to rule on the motion. The motion for new trial did not contain a specific sentencing or proportionality complaint and merely stated that a new trial should be granted because, "The verdict and sentence are contrary to the law and evidence." Based on the record before us, we conclude that Appellant failed to preserve his disproportionate sentence complaint. *Thompson,* 243 S.W.3d at 775.

We observe that Appellant's sentence falls within the statutory limits. TEX. PENAL CODE ANN. § 12.42(a) (West 2011); TEX. PENAL CODE ANN. § 12.33 (West 2011). The Second Court of Appeals has determined that sentences within the statutory limits generally do not constitute disproportional, excessive or cruel or unusual punishment. *Kim v. State*, 283 S.W.3d 473, 475 (Tex.App. – Fort Worth 2009, pet. ref'd); *Dale v. State*, 170 S.W.3d 797, 799 (Tex.App. – Fort Worth 2005, no pet.); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex.App. – Fort Worth 2001, no pet.). Additionally, the Texas Court of Criminal Appeals has stated that punishments falling within the prescribed statutory limitations are not cruel and unusual punishment within the meaning of the Texas Constitution. *Nichols v. State*, 494 S.W.2d 830, 836 (Tex.Crim.App. 1973); *Samuel v. State,* 477 S.W.2d 611, 614-15 (Tex.Crim.App. 1972). *See also, Atchison v. State*, 124 S.W.3d 755, 760 (Tex.App. – Austin 2003, pet. ref'd).

Appellant was convicted of a third-degree felony offense. However, his punishment was assessed based on a second-degree felony conviction pursuant to the habitual felony offender section of the Texas Penal Code. TEX. PENAL CODE ANN. § 12.42(a) (West 2011). The statutory

5

sentencing limits for a felony in the second degree are a term of confinement that is not less than two years or more than twenty years.   TEX. PENAL CODE ANN. § 12.33 (West 2011).   In this case, Appellant was sentenced to fifteen years' confinement, five years below the statutorily allowed maximum.   TEX. PENAL CODE ANN. § 12.33 (West 2011).

Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

November 22, 2013

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

(Do Not Publish)

6